HENRY A. RICE & others *vs.* NATIONAL CREDIT INSURANCE
COMPANY.

Suffolk.    March 26, 1895. — September 9, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Indemnity Bond* — " *Loss* " — *Construction of Contract.*

An insurance company executed an instrument by which it agreed to indemnify A.
against losses by sales in his business in excess of one fourth of one per cent of
his annual sales to an amount not exceeding $10,000, "save such sum or sums
as shall be deducted therefrom as hereinafter provided." Among other condi-
tions the instrument provided that, "in the computation of losses when final
adjustment hereinunder is made, no loss on any one claim shall be included to
an extent of more than 33⅓ per cent of " a certain rating in a mercantile agency,
"and in no event shall claims of loss exceed 7,500 dollars on any one individual
or firm "; and that, " in the computation of indemnity under this bond for which
this company is liable : 1st, twelve (12) per cent shall be deducted from the total
gross losses as calculated under the provisions of this bond ; . . . 2d, the said
¼ per cent loss of said second party shall also be deducted from said total losses,
and the remainder shall be and constitute the amount of indemnity to be paid
by said first party, not to exceed said 10,000 dollars." A. suffered a loss of over
$23,000 on sales to one person. *Held*, in an action on the instrument, that the
twelve per cent and the one fourth of one per cent were to be deducted from
$7,500, and the balance constituted the indemnity to which A. was entitled.

CONTRACT, upon a bond of indemnity. The case was sub-
mitted to the Superior Court, and, after a finding and judgment
thereon of $1,671.53 for the plaintiffs, to this court, on their
appeal, upon agreed facts, the material parts of which appear
in the opinion.

*S. Williston*, (*M. F. Dickinson, Jr.*, with him,) for the plaintiffs.

*S. Lincoln*, for the defendant.

MORTON, J.    The instrument declared on is in the form of a
bond of indemnity from the defendant to the plaintiffs, in which
the defendant agrees to indemnify the plaintiffs against losses by
sales and deliveries in their business in excess of one fourth of
one per cent of their annual sales and deliveries to an amount
not exceeding ten thousand dollars, " save such sum or sums as
shall be deducted therefrom as hereinafter provided."

By the sixth condition it is provided that, " in the computa-
tion of losses when final adjustment hereinunder is made, no

loss on any one claim shall be included to an extent of more than $33\frac{1}{3}$ per cent of the lowest capital rating in the latest reference book of the Mercantile Agency named above, . . . and in no event shall claims of loss exceed 7,500 dollars on any one individual or firm." And by the eighth condition it is further provided that, "in the computation of indemnity under this bond for which this company is liable: 1st, twelve (12) per cent shall be deducted from the total gross losses as calculated under the provisions of this bond; . . . 2d, the said $\frac{1}{4}$ per cent loss of said second party shall also be deducted from said total losses, and the remainder shall be and constitute the amount of indemnity to be paid by said first party, not to exceed said 10,000 dollars."

The plaintiffs suffered a loss to the amount of $23,097.64 on sales to one person, and the question is whether, in computing the indemnity to which they are entitled, the twelve per cent and the one fourth of one per cent shall be deducted from that amount, leaving a sum larger than the major limit of recovery, and entitling them therefore to the seventy-five hundred dollars which is fixed as the limit of recovery, or whether the twelve per cent and the one fourth of one per cent are to be deducted from the seventy-five hundred dollars, and the balance is to be regarded as the indemnity to which they are entitled. We think that the latter is the construction that must be adopted.

The word " loss " or " losses " occurs frequently in the bond, and it is evident that it is used as meaning the loss which the plaintiffs have sustained in their dealings with their customers, and not the amount for which the defendant may be liable under the bond. The term by which the latter is spoken of is "indemnity." The sixth condition is directed to ascertaining the amount of the loss, and the eighth to the computation of the indemnity after the loss has been fixed. There are two methods provided for ascertaining the loss. First, it shall not be more than thirty-three and one third per cent of a certain rating, and secondly, it shall in no event exceed the sum of seventy-five hundred dollars. When the loss is ascertained in either one of these modes, it constitutes the gross loss referred to in condition eighth, and from it are to be deducted the twelve per cent and the one fourth of one per cent, and the balance constitutes the indem-

nity which the company is to pay. The agreement to indemnify does not apply to the whole of the excess loss with a limit of liability on the part of the defendant, in which case the method proposed by the plaintiffs would be correct, but only to a cértain amount of the excess, and it is from that that the deductions are to be made. *Judgment on the finding.*