MAURICE E. BRIERRE *et al.*, Respondents, v. AMERICAN INDEMNITY COMPANY, Appellant.

St. Louis Court of Appeals, November 17, 1896.

Insurance of Credits: CONSTRUCTION OF POLICY. A policy for the insurance, to the extent of $5,000, of losses on credits resulting from the insolvency of debtors, required that the insured should first bear an initial loss of $500, and that certain deductions should be made from each loss, and further provided that no account against any one insolvent debtor should be proven for more than $1,000. *Held*, that in the case of a single loss which largely exceeded this limit of $1,000, the various deductions provided for, including the said initial loss, should be made, not from the actual amount of the loss, but from said limit, and that the insurer was liable only for the difference.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*Seddon & Blair* for appellant.

*Silas B. Jones* for respondents.

BOND, J.—The parties submitted this controversy to the court under section 2233 of the Revised Statutes of 1889. The agreed facts, so far as material, are as follows: The defendant is engaged in the business of credit insurance, and upon receipt of an agreed premium executed its bond to indemnify plaintiffs "against loss to the extent of, and not exceeding, $5,000, resulting from the insolvency of debtors, as hereinafter defined, over and above a net loss of $500 first to be borne by the said indemnified, on total gross sales, shipments, and deliveries of goods, wares, or merchandise amounting to $200,000 or less, said sales, shipments and deliveries to be made between the first day of October, 1894, and the thirtieth day of September, 1895, both days inclusive, to firms, corporations, or individuals actively engaged in mercantile pursuits in the United States of America.

"This bond is issued and accepted upon the condition that the terms and conditions printed or written by the company upon the back of this bond are accepted by the indemnified as part of this contract as fully as if they were recited at length over the signatures hereto affixed." One of the conditions on the back of said bond is, to wit: "The amount to be proven under this bond against any one insolvent debtor is limited to * * *, and no account against any one insolvent debtor shall be proven for more than one thousand

VOL. 67 app—25

dollars." During the existence of the bond plaintiffs sold two bills, aggregating $2,466.17, to one customer, who became insolvent, and out of whose effects plaintiffs received $552.75 by a replevin suit and as dividends paid by the assignee of the insolvent. Nothing more was paid on said bills. The sum so received was divided by the parties, under a clause on the back of the bond providing for the apportionment of such payments in the ratio of $2,466.17 to $1,000. When this was done, the liability of defendant was reduced to $1,000, minus $230.30, or $769.70. Under the rule expressed on the back of the bond for the computation of the loss to be borne by the plaintiffs (which provided for other deductions in addition to the said $500) the parties agreed that such loss was $719.89. The single controversy between them is as to the legal method of deducting this amount, i. e., whether it should be subtracted from the gross loss of $2,466.17, caused by the insolvency of plaintiffs' debtor, or whether it should be taken from the $769.70, being the balance for which defendant would be liable, under the facts in this case, for plaintiffs' account against one customer.

The court gave judgment in accordance with plaintiffs' theory, from which, after the overruling of its motion for a new trial, defendant appealed.

The only question presented is, which of the two methods is prescribed by the bond. The primary purpose of the contract under review is a division of liability between the parties. The plaintiffs undertake to bear a certain loss before any responsibility attaches to defendant. The latter does not insure as to the loss assumed by plaintiffs, but only undertakes to assure to a fixed extent after the deduction of plaintiffs' own loss. This idea is expressed in the first sentence of the bond importing obligation. The next stipulation in the bond affecting the liability of the obligor is the one

providing that "no account against any one insolvent debtor shall be proven for more than one thousand dollars." By this limitation plaintiffs were disabled from proving an account larger than $1,000 against their single debtor. Plaintiffs might have sold, under the guaranty of the bond, to different customers, but no sale to any one of these in excess of $1,000 was provable against defendant upon a claim under the bond for losses by insolvency.

Reading this in the light of the primary purpose of the bond to apportion losses, the conclusion is inevitable that the loss to be borne by plaintiffs must first be taken from the extreme limit of defendant's liability before the latter can be called upon to respond. In the case at bar defendant's liability is reduced from $5,000 to $1,000, owing to the fact that the claim for loss was one caused by the failure of a single customer. The parties saw fit to contract that only one thousand of an account in favor of plaintiffs against one person was insured by the terms of the bond. As this limitation was not unlawful, we have no power to alter or annul it. It merely provides that, in the calculation of losses covered by the general indemnity of the bond, plaintiffs shall only prove $1,000 against each separate debtor. If there are six or more debtors, it is evident plaintiff might be entitled, after the deduction of his own loss, to the whole amount of the $5,000 indemnity contracted for. Under the condition in question defendant only agreed to insure so much of plaintiffs' account against one customer as it specified in the condition; that is, $1,000. Beyond this sum defendant was in nowise concerned with the losses which plaintiffs might sustain from their dealings with one person. The primary provision of the bond, that plaintiffs must bear a certain loss before any liability on part of defendant attaches, involves a requirement that the loss to be

borne by plaintiffs must be subtracted from the *total* loss insured by defendant. If plaintiffs' own loss could be deducted from an excess over $1,000 of its account against one person, it would result that defendant, in effect, was insuring such an account to the extent of $1,000 and the addition thereto of whatever plaintiffs' own loss might be. This is repugnant to the stipulation in the bond. It can not be rationally construed to bind the obligors beyond the amount fixed by its terms. *Rice v. National Credit Insurance Co.*, 164 Mass. 285. As to plaintiffs' transactions with one customer beyond the amount limited in the bond, or as to their dealings with persons not having the rating or other description contained in the bond, the defendant has no concern.

The interpretation which we have given the bond in suit results from the application of the rule that "all parts of an instrument are to be construed as consistent with each other, if such construction be possible." *McCullock v. Holmes*, 111 Mo. 447; *Sachleben v. Wolfe*, 61 Mo. App. *loc. cit.* 34. In the case at bar the limitative condition as to the extent of the provable loss against any one customer is rendered consistent with the general indemnity for all customers, whenever the losses exist against enough different customers to call for the application of the full indemnity. On the other hand, when it happens, as in the case at bar, that only one loss exists against one party, we have an exact admeasurement of defendant's liability by turning to the condition bond applicable to that state of facts.

Under the agreed facts in this record the trial court should have deducted the sum agreed upon as plaintiffs' own loss, to wit, $719.89, from $769.70 (the amount of the indemnity after subtracting the proportion of the sum received from the insolvent, to which defendant was entitled). Judgment should accordingly

have been entered for plaintiffs against defendant for $49.81. That this may be done, the judgment in this case is reversed and the cause remanded. All the judges concur.