McCullock v. Holmes.

---

McCullock *et al.* v. Holmes, *Plaintiff in Error.*

Division One, July 2, 1829.

| | |
|---|---|
| 111 | 445 |
| 113 | 193 |
| 111 | 445 |
| 67a | 388 |
| 111 | 445 |
| 70a | 27 |
| 111 | 445 |
| 142 | 320 |
| 111 | 445 |
| 146 | 617 |
| 79a | 252 |
| 111 | 445 |
| 152 | 497 |
| 111 | 445 |
| 170 | ³298 |
| 170 | ³299 |

1. **Deed, Construction of.** All parts of a deed should be considered in gathering its meaning, and its full intent effectuated.

2. ——. A construction which makes all parts of an instrument consistent is rather to be adopted than one having a different effect.

3. ——: "HEIRS." Where a person is named as grantee in a deed of land, but without mention of his "heirs" or other words of inheritance, the fee passes to him, under the statute of this state, unless an intent to pass a less estate appears otherwise in the deed.

4. ——: LIMITATION IN HABENDUM. At common law, a stranger to the parties named in the premises of a grant might be introduced in the *habendum* as a grantee in remainder.

*Appeal from Montgomery Circuit Court.*—Hon. E. M. Hughes, Judge.

AFFIRMED.

*Martin & Avery* for plaintiff in error

(1) The granting clause is to Azra A. Holmes alone. It shows a consideration of $200 paid by him for forty acres of the land. As to this forty acres the condition and limitations expressed in the *habendum* cannot operate to cut down the fee to a life-estate.

*Wood v. Kice*, 103 Mo. 329–335. (2) If Azra A. Holmes did not take a fee, but only a life-estate, then the daughters took the fee. *First*. Because the conditions are too uncertain to take effect. One of these daughters would be as likely to die as the other. Both might die in the lifetime of their father. *Chew v. Keller*, 100 Mo. 362; *Munroe v. Hall*, 1 S. E. Rep. 651; *Curtland v. Bower*, 17 N. E. Rep. 261. *Second*. The terms, "then to his two children, Laura Eliza and Mary Emily, and their heirs and assigns, forever," must be construed as a grant of the fee subject to the estate of their father. *Green v. Sutton*, 50 Mo. 186; *Mayor v. Benkley*, 51 Mo. 227; *Bryant v. Christian*, 58 Mo. 98; *Wead v. Gray*, 78 Mo. 59; *Rines v. Mansfield*, 96 Mo. 394. *Third*. If the doctrine announced in *Farrar v. Christy*, 24 Mo. 453, which the circuit court adopted, is to be followed in the construction of the deed so far as it relates to the estates of the two daughters, it would create in each of them a life-estate in the undivided half of the land. The result would be that a life-estate in them would be built upon the life-estate of their father, which by virtue of the statute of uses, sections 8836 and 8838, Revised Statutes, 1889, would be converted into a fee, subject only to the life of their father. *Philips v. LaForge*, 89 Mo. 72.

*R. H. Norton* and *Silver & Brown* for defendants in error.

The case falls within the doctrine announced in *Farrar v. Christy*, 24 Mo. 453; *Harbison v. Swan*, 58 Mo. 147; *Thompson v. Craig*, 64 Mo. 312; *Charles v. Patch*, 87 Mo. 463.

BARCLAY, J.—This is an action of ejectment involving the title to a piece of land in Lincoln county. The facts are admitted.

The case turns upon the effect to be given to the following clause in a deed from Oliver Holmes (the common source of title) and his wife to Azra A. Holmes, dated, April 11, 1855, and duly recorded about the same time, viz.:

"To have and to hold * * * unto him the said Azra A. Holmes for and during his natural life and then to his two children, Laura Eliza and Mary Emily Holmes, and their heirs and assigns forever, and if either of said children shall die without issue in the lifetime of their father, then all of said lands is to go to the survivor."

The chronology of the principal facts, affecting the controversy, is as follows;

*First.* Mary Emily Holmes died without issue, some years before Azra A. Holmes.

*Second.* Azra died in April, 1888.

*Third.* He left his widow, the defendant in possession, and his daughter, Laura Eliza, one of the plaintiffs, who has intermarried with Mr. McCullock, the other plaintiff.

The fact that the limitation above quoted appears only in the "*habendum*" clause of the conveyance to Azra A. Holmes does not deprive it of its legal force or effect. All parts of the deed should be considered in gathering its meaning, and the true intent it designs to express, throughout, should be effectuated.

In the premises of this deed "A. A. Holmes" is named as grantee, while in the *habendum* the extent of his estate is defined, and the remainder now in consideration carved out.

All parts of an instrument are to be construed as consistent with each other, if such construction be possible.

Where land is conveyed to an individual, without adding to his name, as grantee, the word "heirs" or

other words of inheritance, the fee thereby passes to him under the law of Missouri, "unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant." Revised Statutes, 1889, sec. 8834.    The intent to pass a less estate is very evident in the present case, and is lawfully expressed. *Farrar v. Christy's Adm'rs* (1857), 24 Mo. 452; *Spyve v. Topham* (1802), 3 East, 115.

Even under the strictest common-law rules of conveyancing, a stranger to those mentioned in the premises of a deed might be introduced in the *habendum* as a grantee in remainder. 1 Wood on Conveyancing [6 Eng. Ed.] *habendum* (B), p. 336.

The limitation in the case at bar is not uncertain or obscure. Azra took a life estate in possession. During its currency, one of the possible remaindermen died. The other, the present plaintiff, survived Azra. She is plainly entitled to the estate, the contingency having been resolved in her favor. The trial court so held. Its judgment is affirmed.    SHERWOOD, C. J., BLACK and BRACE, JJ., concur.