G. H. DANIELS and others, Appellants, v. DORA L. DINGMAN, Appellee.

**Deeds:** ESTATE CONVEYED: RULE IN SHELLEY'S CASE. The rule in Shelley's Case applies to a conveyance to the grantee of a life estate and at her death the remainder in fee to the heirs of her body, so that the grantee takes the fee.

**Adverse possession:** COLOR OF TITLE. A devise of land is sufficient color of title to support a claim of adverse possession, when

followed by possession and assertion of title thereunder for the statutory period.

*Appeal from Hamilton District Court.*—HON. J. H. RICH-ARD, Judge.

TUESDAY, NOVEMBER 24, 1908.

ACTION in equity to quiet title to land. Decree for the defendant upon her cross-bill, and plaintiffs appeal.— *Affirmed.*

*Boeye & Henderson,* for appellants.

*Wesley Martin,* for appellee.

WEAVER, J.—Plaintiffs and defendant trace their respective claims of title to the lands in controversy through one W. R. Daniels, who is conceded to have been the owner of the fee on November 1, 1881. On that date Daniels conveyed the land to his daughter, Almira A. Dingman, by a deed which recites that, in consideration of love and affection and the sum of $500 in hand paid, the grantor does "sell and convey unto the said Almira A. Dingman for life and to her heirs at her decease the following described premises [describing the lands in controversy], the intention of this instrument being to convey to said Almira A. Dingman a life estate in said premises with remainder in fee to the heirs of her own body." Soon after the making of this deed, W. R. Daniels died, and from said date Almira A. Dingman and her husband, Samuel H. Dingman, continued in possession of said property in person or by tenant. On February 16, 1893, Almira A. Dingman died testate, devising said lands by proper description to her surviving husband; the will being admitted to probate April 1, 1893. Thereafter said Samuel H. Dingman was married to the defendant in this

action, and on November 16, 1904, died, leaving a will by which he devised the land to her. This will was duly probated December 23, 1904. On April 25, 1905, the plaintiffs, who are the heirs at law of W. R. Daniels, began this action to quiet the title in themselves. In their petition they aver the facts to be substantially as above stated, and, in addition thereto, allege that no living child or heir was ever born to the said Almira A. Dingman, and that Samuel H. Dingman while in possession of the land at all times recognized and acknowledged that, by reason of the failure of issue surviving the said Almira A. Dingman, the title to said land reverted to the heirs at law of W. R. Daniels. The defendant admits the conveyance and the several wills mentioned in the petition, but denies the failure of issue of the body of Almira A. Dingman, and alleges that a living child was born to her and the said Samuel H. Dingman, but that said child died within a few hours after its birth. By way of cross-petition defendant alleges and seeks to quiet title in herself by virtue of the conveyance from W. R. Daniels to his daughter and the several wills above mentioned. She also claims title by adverse possession. The trial court, while failing to find the birth of a living child to Almira A. Dingman, held that under the rule in Shelley's Case the conveyance by W. R. Daniels to his said daughter had the effect to vest in her the entire fee. It also found and held that, in any event, the possession and claim of title by the defendant and her grantors for more than ten years were sufficient to establish her right as against the adverse claims of the plaintiffs.

Is the conveyance one calling into operation the rule in Shelley's Case? In the opinion of the majority of this court this inquiry must be answered in the affirmative.

1. DEEDS: estate conveyed: rule in Shelley's Case. The writer of this opinion is of the view that, conceding this rule of unblessed memory would under our recent holdings be

recognized in a proper case arising in this State before the adoption of our statute abolishing it, the deed now before us comes well within the exceptions thereto which have been recognized by a great majority of the courts. But in view of the recent extended discussion of this subject in *Doyle v. Andis,* 127 Iowa, 36, and cases following that precedent, we think it unnecessary to again go over the ground.

Moreover, we are inclined to agree with the conclusion of the trial court that defendant is entitled to stand upon her claim of adverse possession and the statute of limitations. It is true that during the life-2. ADVERSE POS-   time of Almira A. Dingman her husband,
SESSION: color
of title.          Samuel H. Dingman, seemed to recognize, or at least to fear, that the plaintiffs had or were likely to make some claim of right or interest in the land, and sought to secure deeds releasing the same to his wife. After her death, however, and the devise by her to himself, he asserted claims to the title in hostility to the plaintiffs, and, for some reason unexplained in the record, they seem to have acquiesced in his claim from the time of the probate of said will in April, 1893, until after his death in 1904.

This will was sufficient to afford color of title, and his possession and assertion of right thereunder continued for more than the statutory period.

For the reasons stated, the decree of the district court is *affirmed.*