LUCINDA HUSTED, ANNA B. ALLEN and THOMAS D. FOSTER, Appellees, v. CALEB ROLLINS, WM. PLEASANT ROLLINS, et al., Appellants.

**Estates of decedents:** DESCENT AND DISTRIBUTION. Upon the death
1 of a wife intestate, leaving children by a former marriage surviving her, but without issue as the fruit of her second marriage, her second husband surviving her would take only a one-third interest in her separate estate, which upon his death would descend to his heirs.

**Conveyances:** CONSTRUCTION: WORDS OF INHERITANCE. While under
2 the statutes technical words of inheritance are not necessary to constitute an estate in fee, or to create an estate of inheritance, still they may be important in determining whether a fee is conveyed.

**Same:** *Habendum* CLAUSE. The object of a *habendum* clause in a
3 deed is to define the grantee's estate; and while at common law it was the general rule that it might be resorted to to explain, enlarge or qualify the estate but not to defeat it, the modern rule adopted in this state is to construe the whole instrument without reference to formal divisions, so as to effectuate if possible the grantor's intent.

**Same:** GRANTEE NAMED IN *habendum* ONLY. A grantee named for the
4 first time in the *habendum* clause may acquire the remainder by a fee title, the grantees named in the preceding portion of the instrument taking only a life estate.

**Homestead:** ELECTION. Where the husband had the right to occupy premises for life and the interest of his wife in other property terminated with her death, his election to take a homestead in the other property made under a mistaken belief as to her title, did not prejudice his rights in any property acquired by the wife during marriage, or that of his heirs upon his death.

*Appeal from Madison District Court.*—HON. W. H. FAHEY, JUDGE.

SATURDAY, SEPTEMBER 21, 1912.

ACTION for the partition of real estate from a decree establishing the interests of the various parties and ordering a sale of the property, all parties appeal. As defendant Wm. Pleasant Rollins first perfected his appeal, he will be called appellant. *Reversed* on defendants' appeal. *Affirmed* on plaintiffs' appeal.

*J. P. Steele,* for appellants.

*W. S. Cooper,* for appellees.

DEEMER, J.—Three separate and distinct tracts of land are involved in this appeal: One consisting of thirteen and one-half acres of land, known as tract "A"; another, consisting of twelve and one-half acres, known as tract "B"; and a third, consisting of seven and one-half acres, known as tract "C." Plaintiffs are the sole and only heirs of N. J. (or Jane) Rollins, now deceased, children by a former husband, Thos. Foster, who died December 29, 1870. N. J. Rollins died in September of the year 1910, and at the time of her death she was the wife of Caleb Rollins. No children resulted from this last marriage, and after the commencement of this suit, which was brought against Caleb Rollins alone, he died, and by supplemental petition his heirs were brought into the case and made parties de-

fendant. Plaintiffs claim that at the time of the death of
N. J. Rollins she was the owner in fee of tract A, the owner
of an undivided one-half of tract B, her husband Caleb
being the owner of the other one-half, and that N. J. Rol-
lins had a life estate in tract C the fee of which had been
conveyed to her first husband, Thos. Foster, in the year
1870. In virtue of the ownership of tract C, they claim
that Caleb Rollins never had any interest therein. They
admitted that Caleb Rollins as surviving husband was en-
titled to one-third of tract A. They also admitted that
Caleb Rollins was the owner of an undivided one-half of
tract B, and also one-third of the other half as surviving
spouse; but, as already stated, they denied that Rollins had
any interest in tract C. During his lifetime Caleb Rollins
filed an answer to this petition in which he admitted the
allegations as to tract A, but denied the allegations as to
tract B. As to this latter tract he averred that N. J. Rollins
had no interest therein but a life estate, and that he himself
had none other than a life estate; the fee being in William
Pleasant Rollins. As to tract C he denied that the property
was ever conveyed to Thos. Foster. He averred that these
lands were conveyed by quitclaim deed to N. J. Rollins in
the year 1887, and that they were occupied by himself and
his wife, the grantee, from that time until her death as
their homestead. In virtue of these facts he claimed that
he was entitled to either one-third of tract C in fee or to
occupy the same during life as his homestead. We here
quote this further allegation from his answer:

That this defendant and Jane Rollins as husband and
wife adversely and peaceably occupied said land for more
than twenty years, under color of title, as and for their
homestead, and this defendant is now occupying said land
as his homestead, and here and now and hereby elects to
occupy said land, designated as tract C, as and for his
homestead during the remainder of his life.

William Pleasant Rollins, who was made a party de-

fendant, filed an answer in which he claimed title to the whole of tract B subject to a life estate in his father under and in virtue of a deed from his grandfather, Pleasant Rollins, of date December 21, 1894. The material parts of the deed under which he claims are as follows:

I, Pleasant Rollins (unmarried), of the county of Madison and state of Iowa, in consideration of the sum of one hundred dollars, in hand paid by Caleb Rollins and N. J. Rollins of Madison county, do hereby sell and convey unto the said Caleb Rollins and N. J. Rollins, the following described premises, situated in the county of Madison and state of Iowa, to wit: (Land designated as tract B described). And I hereby covenant with the said Caleb Rollins and N. J. Rollins that I hold said premises by good and perfect title; that I have good right and lawful authority to sell and convey the same; that they are free and clear of all liens and incumbrances whatsoever. And I covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever. This deed is to take effect at the death of Pleasant Rollins, and then Caleb Rollins and N. J. Rollins to have it their lifetime, and then it falls to William Pleasant Rollins.

This deed was signed in the presence of two witnesses and was acknowledged on the day it was made. William P. Rollins asked that his estate therein be quieted subject to the life estate in his father, Caleb.

It should be stated in this connection that Pleasant Rollins, the grantor in this deed, died many years ago. So the issues stood until the death of Caleb Rollins, when plaintiffs filed an amended and supplemental petition in which they set forth the death of Caleb Rollins and in lieu of the allegations of the original petition stated, with reference to tract B, that Caleb and N. J. Rollins were each the owner of an undivided one-half thereof down until the death of N. J. and that upon her death Caleb, instead of taking his distributive share of his deceased wife's estate, elected to use and occupy the same for life as part

of the homestead of himself and wife, and they averred that they, as the heirs of N. J. Rollins, were each entitled to an undivided one-sixth of all the land in tract B, and the substituted defendants, the heirs of Caleb Rollins deceased, three in number, where each entitled to an undivided one-sixth. They further averred that in virtue of the election made by Caleb Rollins during his lifetime, both by conduct and in the answer filed by him, plaintiffs were the owners and entitled to the whole of tract A. The substituted defendants in their answer admitted that upon the death of N. J. Rollins plaintiffs each became the owners of an undivided two-ninths of the land in tract A, but averred that they had no interest in tract B, averring that the title was in William Pleasant Rollins, but further claiming that if Caleb Rollins had any interest in this land they were each entitled to an undivided one-sixth thereof. As to tract C, they averred that N. J. Rollins during her lifetime elected to occupy the same as her homestead after the death of her first husband, but further stated that on the death of N. J. Rollins each of the plaintiffs, three in number, became the owner of an undivided one-third of tract C. They each and all denied any election by Caleb Rollins during his lifetime to take a homestead in tract C in lieu of his distributive share. William Pleasant Rollins, in his answer to the supplemental petition, adhered to his claim of title to tract B, and denied that his father, Caleb, had made any election which deprived him of his right to take distributive share, and as an heir of Caleb he claimed a one-ninth interest in tract A. On these issues and the testimony adduced in support thereof the trial court rendered a decree finding that N. J. Rollins died seised of tract A and was also the owner in fee of a one-half interest in tract B, and that she also had the right during her natural life to occupy the tract known as C. Other findings were made, and on the strength thereof the title to tract C was found to be in plaintiffs, and each was awarded

an undivided one-third interest therein. They were each awarded a two-ninths interest in tract A, and defendants were each given a one-ninth thereof. And plaintiffs were each awarded a one-ninth interest in tract B, and each of defendants was given a two-ninths interest therein. Defendant William Pleasant Rollins appealed from this decree, as. also did all the plaintiffs from that part of it which gave them but one-ninth instead of one-sixth of·tract B.

We shall first consider the appeal of defendant Rollins. He insists that he became the owner in fee of tract B in virtue of the deed which we have heretofore set out. He also claims· that, as tract A was purchased by N. J. Rollins after her marriage to Caleb, each of the defendants should have been given a one-sixth of that tract, or in all one-half of it on the theory, as we understand it, that N. J. Rollins died without issue. The second of these contentions is without merit. It is true that Mrs. Rollins did not acquire the title to tract A until after her marriage; but when she died she was without issue, for plaintiffs were her legal heirs although not the heirs of her husband. Her husband, Caleb, therefore could not have taken one-half of her estate. At most, he was entitled to one-third, and, he having departed this life, his heirs, three in number, would on the face· of it each be entitled to but one-third of one-third, or one-ninth, Code, sections 3378, 3379.

*1. ESTATES OF DECEDENTS: descent and distribution.*

The other proposition is more difficult of solution. It is claimed for this appellant that under the deed which we have set out, he became the owner in fee of tract B, in virtue of what is denominated the *haben- dum* clause, reading as follows: "This deed to take effect at the death of Pleasant Rollins, and then Caleb Rollins and N. J. Rollins to have it their lifetime, and then it falls to William Pleasant Rollins." No claim is made that the instrument is testamentary in character, and, as all the parties treat it as a deed con-

*2. CONVEYANCES: construction: words of inheritance.*

veying present interest taking effect not later than the death of the grantor, we shall so consider it. Were it not for this final cause, there could be no doubt that it conveyed an estate in fee simple to the grantees named. True the word "heirs" does not appear in the granting clause, but this is not essential under our law. Section 2913 provides that the term "heirs or other technical words of inheritance are not necessary to create and convey an estate in fee simple." It is also provided in section 2914: "Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used."

While it is true, of course, under these statutes, that words of inheritance are not necessary to create an estate of inheritance, and that it will be presumed every conveyance of real estate passes all the interest of the grantor therein unless a contrary interest can reasonably be inferred from the terms used, it is nevertheless true that the absence of words of inheritance may be full of significance, for the law does not say in express terms that every conveyance where these words are omitted shall create an estate in fee simple. As we view it, section 2914 of the Code has no application here; for the reason that, no matter what construction be put upon the deed, it is conceded that it passed all the grantor's estate. The real question is: Who took under the deed, and what is the nature of the estate conveyed? Section 2913 is important; but, as already suggested, it does no more than to supply by implication or presumption the word heirs or other equivalent terms. Recognizing this rule, appellees contend that the last clause is in the nature of a *habendum,* and, as it is repugnant to the estate granted in the granting clause, it is void. Something is said in argument to the effect that it is a restraint on alienation; but this is not true as we view it. Whether it grants a life estate or a fee to Caleb and N. J. Rollins, there is nothing in the *habendum* which places any

restraint upon their power to sell whatever estate they may have. In this respect the case differs from *Tenny v. Mains,* 113 Iowa, 53; *McCleary v. Ellis,* 54 Iowa, 311; *Case v. Dwire,* 60 Iowa, 442, and other like cases relied upon by appellee. *Case v. Dwire* is nearest in point; but in that case the conveyance was either of a fee simple absolute, or of a base or determinable fee, and the court expressly held that, as there was no particular estate, there could be no remainder, for there was no estate upon which a remainder could rest. It was also suggested that if the only question to be considered was, what parties took the estate under devises passing title, a different question would arise.

Under the common law, and indeed under all statutes with which we are familiar, the object of a *habendum* clause is to define the grantee's estate. But it was also true

3. SAME:
*habendum*
clause.

that if the premises, meaning all that part of the deed which went before the *habendum,* granted an estate in fee simple as "to the grantee and his heirs" or "to the grantee, his heirs and assigns," the estate conveyed was in fee simple, although there was no *habendum.* Again, under the same law, if the granting clause was either silent or ambiguous as to the estate intended to be conveyed, the *habendum* was resorted to in order to ascertain the nature of the estate. At common law the rule quite generally announced was that while the *habendum* might be resorted to to explain, enlarge, or qualify the estate granted, it would not be allowed to contradict or defeat the estate granted in the premises. At common law, if the word "heirs" or its equivalent was not used, the grantee took a life estate only by implication; but here the presumption might be enlarged or qualified by the *habendum* clause. But if the premises expressly granted an estate in fee, the conveyance could not be wholly annulled by anything in the *habendum.* *Kelly v. Hill* (Md.) 25 Atl. 919; *Breed v. Osborne,* 113 Mass. 318;

*Faivre v. Daley,* 93 Cal. 664 (29 Pac. 256); *Karchner v. Hoy,* 151 Pa. 383 (25 Atl. 20).

Notwithstanding these somewhat arbitrary rules, common-law courts have almost universally given effect to both the granting clause and the *habendum* whenever it was possible to do so by fair construction. *Thompson v. Carl,* 51 Vt. 408; *Rowland v. Rowland,* 93 N. C. 220; *Tyler v. Moore,* 42 Pa. 374; *Jamaica Pond v. Chandler,* 9 Allen (Mass.) 159. Again, if the estate is briefly defined in the premises and more specifically in the *habendum,* the latter will control, for that is its office. *Karchner v. Hoy,* 151 Pa. 383 (25 Atl. 20); *Doren v. Gillum,* 136 Ind. 134 (35 N. E. 1101). The modern rule, and the one we have adopted, is to construe the whole instrument without reference to the formal divisions in order to effectuate, if possible, the grantor's intent. *Beedy v. Finney,* 118 Iowa, 276. That decision fully reviews the authorities, and we need only quote therefrom as follows:

Where, however the premises purport to convey without qualification or description, there can be nothing inconsistent with it in the *habendum* declaring the character or quality of the thing transferred, for that is not elsewhere defined. The repugnancy, to defeat the *habendum,* must be such that the intention of the parties either can not be ascertained from the whole instrument, or, if ascertained, can not be carried into effect. If, from the entire instrument and attending circumstances, it appears that the grantor intended to enlarge, restrict, or even repugn the conveyancing clause, the *habendum* will control. It is then to be regarded as an *addendum* or *proviso* to the granting clause, which will control it even to the extent of destroying its effect. In short, the modern rule requires the consideration of the deed as a whole, and not in separate and distinct parts, as was formerly done, and the finding of repugnancy avoided whenever all the provisions of the instrument may, without ignoring the accepted canons of construction, be given force and carried into effect. . . . The estate may be limited in the *habendum,* although not mentioned in the premises of a deed, and without the

use of the word 'remainder.' . . . . And the latter part of a deed has been allowed to control, and render what seemed to be a fee, a life estate in the first taker. *Prior v. Quackenbush,* 29 Ind. 475.

In view of this our latest pronouncement upon the subject, our path seems reasonably clear, for there can be no reasonable doubt as to the grantor's intent in making

*4. SAME: grantees named in habendum only.* the deed. He evidently did not intend to pass the fee to the parties named as grantees in the premises. The only remaining doubt is: Did he convey the remainder to William Pleasant Rollins? Had Rollins been named in the granting clause, there would be no doubt here. But his name appears only in the *habendum.* The inquiry naturally arises: Is he entitled to take the remainder in fee under this *habendum?* Of course, if no grantee is named in the premises, the grantee named in the *habendum* takes the estate. *Sumner v. Williams,* 8 Mass. 162 (5 Am. Dec. 83); *Irwin's Heirs v. Longworth,* 20 Ohio, 581. And if two or more are named in the premises and one only in the *habendum,* he alone will take. See cases just cited. We also find that under the strict rules of the common law a remainder may be declared in the *habendum* to one not mentioned in the premises. *McCullock v. Holmes,* 111 Mo. 445 (19 S. W. 1096); *Farrar v. Christy's Adm'rs,* 24 Mo. 453; *McLeod v. Tarrant,* 39 S. C. 271 (17 S. E. 775, 20 L. R. A. 846).

While there is some conflict in the cases where a new grantee of a present estate is first introduced in the *habendum,* the universal holding seems to be in accord with the rule already stated where the *habendum* gives an estate in remainder to the person whose name is there for the first time introduced. *Blair v. Osborne,* 84 N. C. 417; Shep. Touch, 151; *Berry v. Billings,* 44 Me. 416 (69 Am. Dec. 107); 3 Wash. on Real Prop. (5th Ed.) page 468.

It follows from what we have said that William Pleasant Rollins took an estate in remainder under this

deed and that as the prior estates have now terminated, he has an estate in fee simple absolute.

II. As to plaintiff's appeal: The only points presented here are that, as Rollins elected to take a homestead in the lands known as tract C, which we have already re-

5. HOMESTEAD: ferred to, he waived his distributive share,
election.          and none of the defendants are entitled to

anything out of tracts A and B. Under the construction we placed upon the deed to tract B, Caleb Rollins had the right to occupy that property during his natural life. He got nothing from his wife under any election as to tract C, for her interest terminated with her death, and plaintiffs took title to the entire tract as heirs of their father. As he obtained nothing from her, there surely was no election on his part, and, if he was mistaken as to her title or his own at the time he filed his answer, this mistake should not prejudice either him or his heirs who have the same rights in the property as he would have had had he lived. He had the right to hold the property during his wife's life as his homestead, and he received nothing under his election, even conceding that he had one.

The finding of the trial court as to interests of the respective parties in tracts A and C seems to be correct. It follows that on the appeal of defendant Rollins the decree must be reversed, and on plaintiff's appeal affirmed. Appellant will pay one-fourth and plaintiffs three-fourths of the costs of this appeal.

On Rollins' appeal—*Reversed.* On plaintiffs' appeal —*Affirmed.*