IN RE ESTATE OF JOHN GORDON.

J. W. MOORE et al., Appellants, v. CORDELIA HISSONG et al., Appellees.

No. 40597.

APRIL 10, 1931.

REHEARING DENIED OCTOBER 20, 1931.

Adams & Kearney, for appellants.

George Harnagel, for appellees.

ALBERT, J.—John Gordon died November 9, 1901, leaving a

will dated November 4, 1901, the material parts of said will being as follows:

The first, second and third paragraphs provided for the payment of funeral expenses and debts, made a small bequest to the First Baptist Church and provided for a suitable monument.

The fourth paragraph reads as follows:

"I give, devise and bequeath the rest and remainder of my property to J. D. Whisenand as trustee for the use and benefit of my daughter Stella during her natural life, my said trustee is hereby directed to use the income of said property and as much of the principal as may be necessary for her comfort and so much as she may wish to contribute to her church or charity after having received the approval of said trustee.

"Five: I give, devise and bequeath all property remaining at my daughter's death to the children living of my brother and sisters living or dead, share and share alike.

"Sixth: I empower my said executor or trustee to sell all property real or personal, using his best judgment and convey the same without the order of approval of court."

The daughter, Stella, survived the testator, and died January 20, 1929. The trustee's report filed March 30, 1929, showed assets on hand amounting to over $8,000.00.

The testator had one brother, William Gordon, who was the father of five children, four of whom are still living, to wit, J. Arthur Gordon, Harry A. Gordon, Frances G. Lindsey and Nellie M. MacKenzie. His other daughter, Octavia Gordon Moore, survived the testator, but died prior to the death of the daughter, Stella, leaving as her heirs, J. W. Moore, D. A. Moore and C. O. Moore who are the petitioners and appellants herein.

The testator also had one sister, Rosannah Wilson, who died prior to the testator. She had three children, one of whom died prior to the death of the testator. Another child, Samuel, survived the testator, but died before the death of Stella. Samuel left five children surviving him who were all living. Cordelia Hissong is the only child of Rosannah Wilson who survived both the testator and Stella Gordon. She is still living and is one of the appellees herein.

The petitioners who are the children of Octavia Gordon Moore claim that they are entitled to share in this estate under

the facts and provisions of the will, while the defendants contend they are not entitled to so share because their mother died prior to the death of the testator's daughter, Stella.

The question is what was the intent of the testator. Did he intend that the property remaining at his daughter's death should go to the children of his brother and sisters who were living at the time he (the testator) died, or was it his intention that such remainder should be restricted to those children of his brother and sisters who were living at the time of the death of his daughter, Stella? Or, to put it in a simpler form, the bequest herein being to a class, did the rights thereof vest at the death of the testator or at the death of his daughter, Stella?

By reference to the fifth paragraph of the will, did the words "living or dead" following the words "my brother and sisters" refer wholly to the brother or sisters? That is to say that the beneficiaries are the children of the brother and sisters, regardless of whether said brother and sisters are living or dead. It is equally true that the testator intended this to go to the living children of such brother and sisters. The question is,— viewing the will as a whole,—were these nieces and nephews, in order to take, required to be living at the death of the testator, or at the death of the daughter, Stella?

In the fifth paragraph the devise and bequest specifically seems to be a gift *in praesenti*, with the enjoyment thereof deferred. It is equally certain that by reason of the terms of the will, the quantity to be received by each of the beneficiaries is to be determined in the future. But does the fact that the time of the enjoyment and the quantity of the gift is to be determined make it a contingent remainder?

We said in Dickerson v. Morse, 200 Iowa 115, l. c. 118:

"The amount or portion of the land given to the son may be diminished; but the character of his interest or estate is the same. An uncertainty as to the quantity or value of the interest given in remainder does not make the remainder contingent."

It is the general rule that deferring time of enjoyment does not make it contingent. Jonas v. Weires, 134 Iowa 47, at 51.

It is a fundamental rule of construction of wills that the will speaks from the death of the testator, qualified, however, with the right of the testator to make it speak at any other time

he may see fit by specific provisions in the will. In the light of the fact that some of the testator's nieces and nephews had predeceased him, it was no more than natural that he should use the word "living" to distinguish the nieces and nephews who were to take and thus cut out those who had predeceased him.

There seems to be nothing in this will, so far as these remainders are concerned, that would indicate that the testator intended their rights to attach at any other time than at his death. In Jonas v. Weires, supra, we quote from the Taylor case (118 Iowa 407):

" 'If the gift is immediate, though its enjoyment be postponed, it is vested, but if it is future, and is dependent on some dubious circumstances through which it may be defeated, then it is contingent.' And the rule is recognized that 'the law leans towards the vesting of remainders.' Further, to the effect that the courts will construe an ambiguous provision creating a vested, rather than a contingent, remainder or an executory devise, see (cases cited) * * *. The uncertainty which characterizes a contingent, as distinguished from a vested, remainder, is uncertainty as to the person or the event, and not as to the time of enjoyment. * * * If futurity is annexed to the substance of the gift, the vesting is suspended; but, if it appears to relate to time of payment only, the legacy vests instanter, and words directing division or distributing between two or more objects at a future time are equivalent to a direction to pay."

It was no doubt the right of the maker of this will to provide that the rights of the beneficiaries should be determined at the death of his daughter, Stella. This he could have done easily had he so desired, but he failed so to do.

It is to be noted in passing that we have naught to do with nieces and nephews who predeceased the testator or who were born after his decease.

Where there is an immediate gift to a class of persons, it vests in the members of that class who are existent at the time of the testator's death, unless a different intention appears from the context of the will. 40 Cyc. 1475. We adhered to this rule in Downing v. Nicholson, 115 Iowa 493, at 496.

We can reach no other conclusion than that the intent of the testator in the will under consideration was that his nieces and

nephews living at the time of his death were to share and share alike in his estate, subject to the provisions of paragraph 4 of the will heretofore set out. In other words, each of his nieces and nephews who were living at the time of his death was given a vested interest in the remainder of his estate, the enjoyment thereof to be deferred until and the amount determined at the death of the daughter, Stella.

It is suggested, but not argued, that the fact that a trust was created in favor of the daughter during her lifetime would take the case out of the general rule, but as this question is not briefed or urged, we give it no further consideration.

The district court having reached a conclusion with which we do not agree, the case is reversed.—Reversed.

FAVILLE, C. J., and KINDIG, WAGNER, and GRIMM, JJ., concur.

EVANS, STEVENS and MORLING, JJ., dissent.

EVANS, J. (dissenting)—I am constrained to disagree with the majority view and to sustain the finding of the district court. Paragraphs 4, 5, and 6 of the will are as follows:

"Fourth: I give, devise and bequeath the rest and remainder of my property to J. D. Whisenand as trustee for the use and benefit of my daughter Stella during her natural life, my said trustee is hereby directed to use the income of said property and as much of the principal as may be necessary for her comfort and so much as she may wish to contribute to her Church or Charity after having received the approval of said Trustee.

"Five: I give, devise and bequeath all property remaining at my daughter's death to the children living of my brother and sisters living or dead, share and share alike.

"Sixth: I empower my said executor or trustee to sell all property real or personal, using his best judgment and convey the same without the order of approval of court."

The controversy turns upon the proper construction to be put upon paragraph 5. The majority opinion very properly states that the problem presented is to ascertain from the language of this paragraph the real intent of the testator. The conclusion of the majority is that the intent of the testator was to

make a present gift to the living children of the brothers and sisters of testator: that is to say to the children living at the time of the death of the testator and not to those living at the time of the death of the daughter Stella. The argument in support of this conclusion is made to turn upon the rules of evidence relating to vested and contingent remainders as known in real estate law. My first observation is that the subject matter of this case does not classify either as a vested or a contingent remainder within the ordinary meaning of those terms. Ordinarily the contingencies of a contingent remainder relate to the identity of the beneficiary. In the present case the contingency relates not simply to the beneficiary but to the very existence of the property itself. Ordinarily also a remainder vesting *in praesenti* operates upon property presently existing and capable of certain identification as such. No property interest of that kind is involved herein. By paragraph 6, of the will, there was an equitable conversion of all real property into personalty. It was all conveyed to the trustee and subjected in his hands to the support of the daughter Stella and to the full extent of the fund, both principal and income. Paragraph 5 has reference to a hypothetical residue, which may or may not exist. If the majority opinion is correct in classifying this possible residue as a remainder within the meaning of real estate law, either vested or contingent, then I agree that under the canons of construction in such cases the term "children living" is deemed (rather arbitrarily) to mean *children living at the death of the testator.* This canon of construction arises largely out of the partiality of the law for the vesting of estates in remainder and for the tranquility of real estate titles. If therefore, we may properly say that this is not a case of distinction as between vested and contingent remainders, then we are called upon to take the will by its four corners without other preference or concern than to arrive at the real intent of the testator. To speak negatively the testator could hardly have intended to make a present gift of a residue that existed only as a possibility. The entire estate was conveyed to the trustee. The daughter was the sole beneficiary of the trust. There was no property in existence during the life of Stella to which the nephews could attach a present claim. Complete expenditure for the benefit of Stella would violate no right of theirs. Their prospective benefits were con-

fined to the mere contingency of a future remnant. This was to go to the "living children." The language of the will associates this final gift with the death of Stella and the then existing remnant. It does not associate the gift with the circumstances attending the death of the testator. Taking this gift of the residue in its context, it connects itself so naturally with the death of Stella and the residue resulting therefrom, as to indicate that the gift was to take effect at that time and not before. I can not avoid the conclusion that such was the real intent of the testator.

The conclusion of the majority appears to have been largely induced from a consideration of the case of Dickerson, 200 Iowa 115. I think that that case has no proper bearing upon the decisive question herein. That was a typical case of remainder vested in real estate. The will gave a life estate to the wife and a remainder in fee to the son, subject however to a trust for a period of six years *in favor of the son*. A vested remainder to the son was created in terms. We held that the creation of the trust did not prevent a vesting of the remainder. In any event the son had a present vested interest in that particular real estate. I think the case should have no controlling influence upon the result herein.

I would affirm the order of the district court.

STEVENS and MORLING, JJ., join in this Dissent.