JOHN W. BLAIR, Appellant, v. DAVID DWIGHT KENASTON et al., Appellees.

No. 43758.

MAY 11, 1937.

Wills & Wills and Salinger, Reynolds & Meyers, for appellant.

France & France, for appellees.

STIGER, J.—On May 27, 1899, David Ayres and wife executed and delivered to Amanda Kenaston a deed which reads as follows:

"THIS DEED OF BARGAIN AND SALE, Made and executed this 27th day of May 1899, by and between David Ayres and Mary A. Ayres, husband & wife of the County of Cedar State of Iowa of the first part, and Amanda E. Kenaston of the second part, WITNESSETH: That the said parties of the first part, for and in consideration of the sum of One 00/100 —Dollars, in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, have granted and

sold, and do—by these presents GRANT, BARGAIN, SELL, CONVEY AND CONFIRM unto the said second party ~~her heirs and assigns forever,~~ the following Real Estate, lying and being situated in the County of Cedar State of Iowa to-wit:

The West eighty two & 24/100 (82 24/100) acres of the North West quarter of Section Thirty one (31) Township Eighty (80) North Range One (1) West of the 5th P. M. Cedar County Iowa The intention being to convey hereby a Life Interest to said Real Estate including any Right of Homestead had therein. The said Amanda E. Kenaston to have and receive all rents and profits- derived from said land during her lifetime and at her death the Land herein described to go to her children or legal heirs. ~~The intention being to convey an absolute title in fee to said real estate including any rights of homestead.~~

TO HAVE AND TO HOLD the said premises above described with all appurtenances thereto belonging, unto the said second party her heirs and assigns forever. The said David Ayers hereby covenanting for his heirs, executors and administrators that the above described premises are free from any incumbrance: * * * That he has full right, power and authority to sell the same, and will WARRANT AND DEFEND THE TITLE unto the said second party her heirs and assigns, against the claims of all persons whomsoever lawfully claiming the same. * * * ''

At the time the deed was delivered to the grantee, she had three children, Laura Kenaston Blair, wife of plaintiff, and the defendants, David Dwight Kenaston and Walter Sheldon Kenaston. No other children were born to the grantee.

In 1893, the plaintiff married Laura Kenaston, who died in 1905, leaving surviving her a daughter, Opal Blair and her husband. Opal Blair passed away in 1908, leaving as her only heir at law, her father, John W. Blair, plaintiff herein. It thus appears that at the time this action was commenced, the plaintiff was the owner of whatever interest in the real estate his wife Laura Kenaston Blair acquired under the deed.

In 1930, Amanda Kenaston executed her last will and testament and, after making some bequests, devised the residue of her property to the defendants, David Dwight Kenaston and Walter Sheldon Kenaston.

The plaintiff brought this action to quiet title to an undivided one-third interest in the real estate conveyed by said deed, contending that Amanda E. Kenaston took only a life estate and that her three children received a vested remainder in the real estate and alleges that he is the owner of the undivided one-third interest obtained by his wife, Laura Kenaston, under said deed.

Defendants filed a counter-claim alleging that the deed, under the rule in Shelley's case, conveyed to Amanda E. Kenaston a fee simple title to the real estate and that they are the absolute owners of the real estate as residuary devisees under her will.

The trial court found for the defendants and entered a decree quieting the title in David Dwight Kenaston and Walter Sheldon Kenaston. Plaintiff appealed.

It will be noticed that the grantor struck from the granting clause in the deed the printed words "her heirs and assigns forever" and "the intention being to convey an absolute title in fee to said real estate including any rights of homestead."

Under our statutes, Code sections 10041, 10042, words of inheritance are not necessary to convey an estate in fee simple and every conveyance passes all of the interest of the grantor therein unless a contrary intent can be reasonably inferred from the terms used. The absence of words of inheritance may be very significant, for the law does not say in express terms that every conveyance where these words are omitted creates an estate in fee simple, while the use of technical words of inheritance are strongly indicative of an intention to convey an estate in fee. Husted v. Rollins, 156 Iowa 546, 137 N. W. 462, 42 L. R. A. (N. S.) 378; Dolan v. Newberry, 204 Iowa 443, 215 N. W. 599; Beedy v. Finney, 118 Iowa 276, 91 N. W. 1069; Yeager v. Farnsworth, 163 Iowa 537, 145 N. W. 87.

The grantor, David Ayres, lined out from the premises or granting clause the words of inheritance.

The habendum of the deed reads, "to have and to hold the said premises * * * unto the said second party her heirs and assigns forever", which purports to define the estate received by Amanda E. Kenaston as a fee simple title. At common law the object of an habendum clause in a deed was to define the grantee's estate, but where the estate has been clearly defined and expressed in the premises or granting clause, if the habendum

clause is inconsistent or repugnant thereto it must yield to the granting clause. The habendum will not be permitted to defeat the clear intent of the grantor expressed in the granting clause. The modern rule in this state is to gather the intent of the grantor from the entire instrument and the circumstances surrounding its execution. Farmers Bond & Mortgage Co. v. Walker, 207 Iowa 696, 223 N. W. 497; Yeager v. Farnsworth, 163 Iowa 537, 145 N. W. 87; Husted v. Rollins, 156 Iowa 546, 137 N. W. 462, 42 L. R. A. (N. S.) 378; Dolan v. Newberry, 204 Iowa 443, 215 N. W. 599.

The granting clause reads: ''Sell, convey and confirm unto the said second party the following real estate * * * the intention being to convey hereby a life interest to said real estate including any right of homestead had therein. The said Amanda Kenaston to have and receive all rents and profits derived from said land during her lifetime and at her death the land herein described to go to her children or legal heirs.''

█ █ █ The wording of the granting clause, which was in writing, clearly reveals the intention of the grantor to convey to Amanda E. Kenaston a life estate only, which will control over the repugnant provision of the habendum, and we must give full effect to this intention unless, we are prevented from doing so by the application of the Rule in Shelley's case. The deed before us for construction was executed prior to the time the rule was abolished in this state. See Code section 10059.

In the case of Doyle v. Andis, 127 Iowa 36, 37, 102 N. W. 177, 69 L. R. A. 953, 4 Ann. Cas. 18, the rule was held to be a part of the common law of this state and was defined as follows:

''When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs or heirs of his body, as a class of persons, to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate.''

If the conveyance had been to Amanda E. Kenaston for life, and at her death to her heirs, it would have fallen within the rule unless a contrary intent was clearly manifested by the grantor.

■■■ The rule has no application where, as in this case, the conveyance is to one for life with remainder over to the children of the life tenant because the word "children" is a word of purchase and not of limitation unless it is manifest that the grantor intends to use the word children as the equivalent of the word heirs. Brown v. Brown, 125 Iowa 218, 101 N. W. 81, 67 L. R. A. 629; Ault v. Hillyard, 138 Iowa 239, 115 N. W. 1030; Westcott v. Meeker, 144 Iowa 311, 122 N. W. 964, 29 L. R. A. (N. S.) 947; Harris v. Brown, 184 Iowa 1288, 169 N. W. 664.

There is nothing in the deed that indicates that the grantor used the word children in any other sense than as a word of purchase. The words "or heirs" after the word "children" are descriptive only of the class who took as purchasers, that is, the children of the life tenant. The technical meaning of the word heirs will not be permitted to defeat the manifest intention of the grantor. Brown v. Brown, supra; Harris v. Brown, supra; Hall v. Gradwohl, 113 Md. 293, 77 Atl. 480, 29 L. R. A. (N. S.) 954; Warden v. Overman, 155 Iowa 1, 135 N. W. 649; Furenes v. Severtson, 102 Iowa 322, 71 N. W. 196; Van Dusen v. Sharrar, 186 Iowa 1082, 173 N. W. 97.

We hold that Amanda E. Kenaston received a life estate and her three children a remainder interest under the deed.

■■■ Appellees further contend that assuming that the rule in Shelley's case was not applicable and that the children received a remainder interest in the real estate, the words "and at her death to go to her children" created a contingent and not a vested remainder because it was uncertain who would take the remainder until the death of the life tenant and, as Laura Kenaston Blair died prior to her mother, the life tenant, the remainder, on the death of the mother, vested in her two living children, David Dwight Kenaston and Walter Sheldon Kenaston; that is, the interest of Laura Blair was contingent on her surviving the life tenant.

It is the established law of this state that a provision that the remainder shall pass to the remaindermen "on the death of" or "at the death of" the life tenant refers to the time of enjoyment and possession of the property by the remaindermen and does not prevent the vesting of the remainder in fee on the death of the grantor unless there is language requiring a different construction. The use of such words is not sufficient to indicate an intention to postpone the vesting of the estate.

Schrader v. Schrader, 158 Iowa 85, 139 N. W. 160; In re Estate of Phearman, 211 Iowa 1137, 232 N. W. 826, 82 A. L. R. 674.

Where there is an immediate gift over to a class of persons, it vests in the members of the class who are existent at the time of the execution and delivery of the deed, unless a different intention appears from the context of the instrument, and such vested remainder will open to let in members of the class who may be born during the continuance of the precedent estate. The birth of other children to the life tenant would not change the quality or character of the estate, but only the extent of it. In re Estate of Gordon, 213 Iowa 6, 236 N. W. 37; Woodward v. Woodward, 184 Iowa 1178, 169 N. W. 464; Archer v. Jacobs, 125 Iowa 467, 101 N. W. 195; 69 C. J. 638; 18 C. J. 328; Powell v. Powell, 168 N. C. 561, 84 S. E. 860; Richardson v. Van Gundy, 271 Ill. 476, 111 N. E. 494; Halsey v. Fulton, 119 Va. 571, 89 S. E. 912.

For recent definitions of contingent and vested remainders, see Skelton v. Cross, 222 Iowa 262, 268 N. W. 499. The grant to the children of Amanda E. Kenaston was not contingent on surviving the life tenant and this case must be distinguished from the cases of Skelton v. Cross, supra, and Saunders v. Wilson, 207 Iowa 526, 220 N. W. 344, 60 A. L. R. 786.

We conclude that the children of the life tenant received a vested remainder in the property conveyed by the deed.

Plaintiff was, at the commencement of the action, the owner of the undivided one-third interest in said real estate conveyed to his wife by said deed.

It follows that the trial court erred in refusing to quiet title in the one-third interest in the real estate in the plaintiff and the case is reversed and remanded for a decree in harmony with this opinion.—Reversed and remanded.

RICHARDS, C. J., and PARSONS, ANDERSON, SAGER, KINTZINGER, HAMILTON, and DONEGAN, JJ., concur.