THERON W. PRINDLE, Appellee, v. IOWA SOLDIERS ORPHANS HOME, THE STATE OF IOWA, ex rel., BOARD OF CONTROL, et al., and AMANDA WILSON, Intervener, Appellants.

**Conveyances:** TESTAMENTARY DISPOSITION OF PROPERTY. Where a deed
1 conveys to the grantee the property itself, the interest so created, whether it be in fee or merely a life estate contingent upon the death of the grantors, begins with the making and delivery of the instrument and not from the death of the grantor; and is not testamentary in character although possession may be postponed until the death of the grantor.

**Same:** CONSTRUCTION: REPUGNANCY. Where the granting clause in
2 a deed creates an estate of inheritance there may be a reservation of a life estate consistent therewith; but when the grantors attempt still further to cut down the estate of the grantee to a

contingent right to use and occupy the property for life, after the expiration of the reserved life estate in the grantors, such a provision becomes entirely repugnant to the grant in fee and cannot be given effect.

**Same:** REMAINDERS: PARTIES. Where the granting clause, as in this instance, made no mention of a charitable institution but conveyed the property to the grantee and his heirs, a subsequent provision in the habendum clause for a remainder over to the institution is invalid, it not being a party to the instrument.

*Appeal from Hardin District Court.*—HON. R. M. WRIGHT, Judge.

FRIDAY, NOVEMBER 17, 1911.

*Ward & Williams,* for appellant intervener.

*Geo. W. Cosson,* Attorney-General, and *C. L. Hays,* for other appellants.—*Affirmed.*

*Lundy & Wood,* for appellee.

WEAVER, J.—On June 15, 1901, Helen Atkins, widow, and Eliza J. Leigh, widow, being the owners of certain lots in the town of Steamboat Rock, Iowa, executed and delivered a conveyance thereof to Theron W. Prindle, plaintiff herein, who is the son of the last-named grantor. The granting clause of this deed runs "to Theron W. Prindle, his heirs and assigns," and the instrument contains the usual covenants of warranty. Following the description of the property are the words:

For the term of his natural life, subject, however, to a life estate therein expressly reserved to the grantors herein and to the survivors of said grantors, so long as either may live. In case of the death of said T. W. Prindle, his wife, Margaret Prindle, shall have the right to continue to occupy and use said premises, so long as she shall live and remain his widow, after grantors' death.

Upon the death of grantors herein and of grantees herein, or of a termination of their interests in said premises, the remainder of the title shall vest in the heirs of their body, the fruit of their marriage, if any shall be living. In case of the termination of the estates above granted by the death of the grantors and of T. W. Prindle and of Margaret Prindle, his wife, or of their dying childless, or its termination otherwise, then the remainder of the title to said premises shall vest in the Orphans' Home and Home for Destitute Children, located at Davenport, Iowa, to be used and appropriated by the trustees in charge thereof for its support. The holders of any intermediate estate shall keep the taxes thereon paid during the time of their tenancy.

The grantor, Eliza Jane Leigh, died intestate, November 22, 1905, leaving the said Theron W. Prindle, Amanda Wilson, and three other children, her only surviving heirs. On September 17, 1907, Helen Atkins, the other grantor in the conveyance above mentioned, quitclaimed the same property to the plaintiff, subject to her own life use, and declaring therein her intention to pass to the grantee "present interest" in the property. On February 18, 1908, the plaintiff, claiming under the conveyances to which we have referred, instituted this action in equity, asking that the title to said property be quieted in him as the absolute and unqualified owner thereof in fee.

Of the defendants named therein, none appear to contest the claim thus asserted, except the state, which is represented by counsel, who contend that the first-named deed creates a contingent or executory interest in the state, for the benefit of the orphans' home, which it maintains at the city of Davenport. Amanda Wilson, sister of plaintiff, intervenes, claiming that the said deed made by her mother, Eliza Jane Leigh, was testamentary in character; and therefore did not convey to or create in the plaintiff any present estate or interest, and not being witnessed as a will it is ineffective for any purpose.

The trial court found against the claims of the state, and dismissed the intervention of Mrs. Wilson and entered a decree, granting the relief asked by the plaintiff. The state and the intervener appeal.

The nature of the estate conveyed by the first-mentioned deed is of course the vital question presented by this appeal. That the grant to the plaintiff is not merely an imperfect or incomplete testamentary instrument we think is very clear. The grantors do not attempt or profess to create an estate or interest which shall vest only upon their death. On the contrary, the deed in apt terms conveys the property itself to the grantee, and the interest so created, whether it be a fee or merely a life estate contingent upon the death of the grantors during his lifetime, begins with and dates from the making and delivery of that instrument, and not from the death of the grantors, though his right to the possession is postponed until that event. It follows that, in our judgment, the petition of intervention was properly dismissed. See 9 Am. & Eng. Ency. (2d Ed.) page 92, note 5.

1. CONVEYANCES: testamentary disposition of property.

As between the other parties to the controversy, we have next to inquire whether the deed conveys the fee or a life estate only, with a contingent or executory interest over to the state for the use of the orphans' home. It will be observed from our statement of the case that the portion of the deed which is technically termed the "premises," and includes the granting clause and the description of the property, is in form and substance an ordinary conveyance of the fee, in that it expressly grants the property described to the plaintiff and his heirs and assigns, while the *habendum* which follows seems to limit the estate so created to a life use contingent upon the death of both grantors during the lifetime of the grantee. That these provisions are essentially repugnant is apparent. If the premises are to be

2. SAME: construction: repugnancy.

given full effect as a grant to plaintiff, his heirs and assigns, it must be held to convey a fee, and not a mere life estate, dependent upon another intervening life estate. On the other hand, if the *habendum* be given effect to limit the interest conveyed to an estate for life, after the expiration of a similar estate, reserved in the grantors, then nothing is conveyed to the plaintiff "and his heirs." When premises and *habendum* are irreconcilably repugnant, it is the universal rule that the former must prevail. The one purports in express words to grant an estate of inheritance, while the other is limited to the life of the grantee. It is true that the tendency of modern decisions is to restrict the application of this rule to cases where the deed is susceptible to no reasonable construction which will give the apparent intended effect to both clauses; but if the repugnancy be so radical that one provision must be ignored the *habendum* must yield. *Beedy v. Finney,* 118 Iowa, 276.

It will be conceded that, if the premises or granting clause does not in any way define or limit the estate conveyed, or if the grant is in general terms only, from which, in the absence of other words, an estate in fee is to be inferred, the *habendum* may be given effect to qualify, restrict, or enlarge the estate and effectuate the intent of the grantor, as derived from a reading of the entire instrument. *Beedy v. Finney, supra; Whetstone v. Hunt,* 78 Ark. 230 (93 S. W. 50); 8 Am. & Eng. Ann. Cas. 443.

But cases not infrequently arise which are not to be thus easily disposed of. As we have already noted, the deed we have now to construe undertakes in express words to create an estate of inheritance in Theron W. Prindle. It is made to him "and his heirs." The word "heirs," as here used, is a technical term, and denotes the creation of a heritable estate. The reservation of a life estate in the grantors is not repugnant thereto, and may be given effect; but the attempt in the subsequent clause to cut down

the estate of the grantee to a contingent right to use and occupy the property for life, after the expiration of the reserved life estate in the grantors, is not open to any construction in harmony with the existence of an estate of inheritance in the plaintiff.  *Smith v. Smith,* 71 Mich. 633 (40 N. W. 21) ; *Ball v. Foreman,* 37 Ohio St. 132; *Tyler v. Moore,* 42 Pa. 374; *Breitenbach v. Dungan,* 5 Clark (Pa.) 236; *Hafner v. Irwin,* 20 N. C. 570 (34 Am. Dec. 390) ; *Canal Co. v. Hewitt,* 55 Wis. 96 (12 N. W. 382, 42 Am. Rep. 701) ; *Lamb v. Medsker,* 35 Ind. App. 662 (74 N. E. 1012) ; *Chamberlain v. Runkle,* 28 Ind. App. 599 (63 N. E. 486) ; *Dunbar v. Aldrick,* 79 Miss. 698 (31 South. 341) ; *Blackwell v. Blackwell,* 124 N. C. 269 (32 S. E. 676) ; *Goodtitle v. Gibbs* (Eng.) 5 B. & C. 709; 3 Washb. Real Prop. (6th Ed.) section 2360.  The citation of authorities to this effect could be greatly extended, but those we have mentioned sufficiently illustrate the rule.

In *Smith v. Smith, supra,* decided by the Michigan court, the point here discussed was directly involved.  The deed there in question contained a grant to Thomas J. Smith "and to his heirs," followed by an *habendum* clause apparently restricting the interest conveyed to an estate for life.  The court says, "The deed is in terms plainly contradictory.  It can not be construed as an harmonious whole," and because of such repugnancy the attempt to cut down the estate conveyed was held inoperative.  In his work on real property, above cited, Mr. Washburn says: "If there is a clear repugnance between the nature of the estate granted and that limited in the *habendum,* the latter yields to the former; but if they can be construed so as to stand together, by limiting the estate without contradicting the grant, the court always gives that construction in order to give the effect to both.  If, therefore, a grant be to A. and to his heirs, *habendum* to him for years or for life, the restrictive clause is void."  The same rule is

approved and applied in *Whetstone v. Hunt,* 78 Ark. 230 (93 S. W. 979).

There is still another reason why neither the state nor the orphans' home, in the interest of which the state appears, is in any position to contest the plaintiff's ac-

3. SAME: remain-      tion.  The conveyance under which plaintiff
ders: parties.        claims is to him alone.  There is in the
premises of the deed no mention whatever of the home; nor is any trust imposed upon the plaintiff in favor of that charity.  The home and the state are strangers to the transaction.  The only mention of the home is in an added clause, by which, after having granted the property to plaintiff and his heirs, and after an *habendum* in which they apparently attempt to restrict the interest conveyed to a life estate, they declare that, in the event of the death of plaintiff and his wife without issue, the title shall vest in the orphans' home.  Had this instrument been insufficient to convey the fee to plaintiff, and it had been executed as provided by our statute on wills, this provision could perhaps be given a testamentary effect, in which event the home, or the state, as its trustee, could assert the rights of a contingent remainderman.  As it is, the deed confers upon it no right which the courts will recognize or enforce.  A case very similar in fact and principle is found in *McGarrigle v. Orphan Asylum,* 145 Cal. 694.  There, as here, the owner of realty conveyed it to a family relative by a deed, the premises of which were sufficient to pass the fee, but in the *habendum* there was inserted a clause as follows: "It is the purpose of the party of the first part by this deed that after the death of the party of the second part the said described lands shall become and be the property of the Roman Catholic Girls' Orphan Asylum of San Francisco."  Of the effect of this provision, the court says: "The trial court correctly construed this clause as containing no operative words of grant, and as failing to convey any present interest in the

property." The rule applied in this precedent is sound in principle, and has the support of the weight of authority. We are content to follow it. The trial court did not err in holding that the grant to the plaintiff was in no manner qualified or lessened by the grantors' attempt to control the disposition of the property after the grantees' death. The conclusions already announced make it unnecessary for us to consider or pass upon other legal propositions argued by counsel.

For reasons stated, the decree of the district court is *affirmed.*