B. A. DOLAN, Appellee, v. ROSALIE NEWBERRY et al., Appellants.

DEEDS: Construction—Conveyance to "Heirs and Assigns"—Effect. A grant of land to a named person "and to his heirs and assigns" conveys a fee-simple title, irrespective of a habendum clause which provides that, upon the death of the grantee, the property shall revert to the grantor or to his heirs. (See Book of Anno., Vol. 1, Sec. 10041; Sec. 10084, Anno. 16.)

Headnote 1:   18 C. J. pp. 331, 332, 333, 334.

Headnote 1:   8 R. C. L. 1057.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

OCTOBER 18, 1927.

The nature of the action and the facts are stated in the opinion.—*Affirmed.*

*Ralph B. Smith* and *E. W. McManus*, for appellants.

*B. A. Dolan*, for appellee.

WAGNER, J.—Orson O. Newberry was indebted to the appellee upon a judgment. On October 3, 1911, he conveyed by warranty deed to his wife, Helen V. Newberry, real estate the

description of which included the 18 acres in controversy. On October 11, 1913, Helen V. Newberry and her husband executed the following deed:

"For the consideration of one dollar, Helen V. Newberry and Orson O. Newberry, wife and husband, of Lee County and state of Iowa, do hereby sell and convey to Rosalie Newberry, of Lee County and state of Iowa, and to her heirs and assigns the following described real estate, to wit: the southeast quarter of the northeast quarter of Section five (5), Township sixty-six (66) north, Range six (6) west, containing forty acres, more or less, and also all our interest in and to the west half of the southwest quarter of the northwest quarter of Section nine (9), Township sixty-six (66) north, Range six (6) west, being eighteen acres, more or less.

"It being the understanding between the parties hereto that in the event of the death or marriage of said grantee, Rosalie Newberry, the title to the land herein conveyed is to revert to the grantor, Helen Newberry, or to her heirs.

"Warrant the title against all persons whomsoever.

"In witness whereof we have hereunto signed our name this eleventh day of October, nineteen hundred and thirteen."

The appellee, in a previous suit, in which Orson O. Newberry and Rosalie Newberry were sole defendants, contended that the deed from Orson O. Newberry to his wife, Helen V. Newberry, and the aforesaid deed in which Rosalie Newberry is named as grantee, were fraudulent conveyances, executed with the intent and purpose, on the part of all of the parties thereto, to defeat the collection of the judgment held by the appellee, as creditor of Orson O. Newberry. Appellee's contention was upheld by this court. *Dolan v. Newberry*, 200 Iowa 511. Upon the filing of procedendo in the office of the clerk of the district court, a decree was therein rendered, establishing appellee's judgment as a lien upon the real estate herein involved, to wit, the west half of the southwest quarter of the northwest quarter of Section 9, Township 66, Range 6, and ordering the sale of said real estate on special execution, for the purpose of making the amount of appellee's judgment.

Orson O. Newberry died intestate, December 4, 1925, and thereafter, appellee began this action, in accordance with the provisions of Section 11736 *et seq.*, Code of 1924, to revive the

judgment. The defendants in this action are the heirs of Orson O. Newberry and the administratrix of his estate. Rosalie Newberry, one of the defendants herein, is the daughter of Orson O. Newberry, and the same person named as grantee in the aforesaid deed. She and the other defendants are not only the heirs of Orson O. Newberry, but also of Helen V. Newberry, who died in 1915. The administratrix filed a general denial; and the heirs of Orson O. and Helen V. Newberry also filed a denial and a cross-petition, in which they allege, in substance, that they are the sole heirs of Helen V. Newberry, and are the owners in fee simple of the 18 acres involved herein, claiming title thereto by the deed hereinbefore set out, and alleging that there was a valuable consideration for said deed, and that, at the time of the execution of the deed, the real estate therein described constituted the homestead of Helen V. Newberry and her husband; and they asked therein that their title to the real estate be quieted in them. The appellee filed motion to strike and dismiss said cross-petition, which was by the court sustained. Thereupon, the defendant heirs (not including Rosalie Newberry) filed substituted answer, with substantially the same averments as were contained in their cross-petition, to which the appellee replied that, by reason of the decree heretofore entered in the case entitled Dolan v. Newberry, all matters had been adjudicated, and that the matters alleged in their answer do not constitute a defense. Trial upon the issues thus joined was had to the court. The appellee introduced sufficient evidence to establish the averments of his petition.

The defendant introduced the testimony of Rosalie Newberry and her sister, Bueanna Newberry Rockwell, tending to establish the homestead character of the 18 acres at the time of the execution of the aforesaid deed, and tending to establish that there was a valuable consideration for its execution, which testimony, upon motion of appellee, was excluded. Thereupon, the court rendered judgment awarding special execution to issue as against the 18 acres in controversy, to make the amount of appellee's judgment; and from the judgment thus rendered, the defendants in the instant case appeal.

The appellants assign as error the dismissal of the cross-petition, the striking of the testimony of the aforesaid witnesses, and the entering of the final judgment. The determination of

this case depends upon the construction of the aforesaid deed. It is the contention of the appellants that by said deed a life estate only was conveyed to the grantee, Rosalie Newberry, with a vested remainder in them, as the heirs of their mother, Helen V. Newberry; that none of them except Rosalie Newberry were made parties to the former suit; that, therefore, they were not bound by any adjudication made in the prior litigation; and that they would have the right to urge any defense that would defeat the appellee in the instant case.

It is apparent from the record that the administratrix of the Orson O. Newberry estate has no defense to the appellee's cause of action. Rosalie Newberry, being a party to the former litigation, is bound by the adjudication therein. The remaining appellants, being heirs of Helen V. Newberry, not having been made parties to the former litigation, and having in no way been represented, and not having participated in the former litigation, are not bound by any adjudication rendered therein.

If, under the aforesaid deed, Rosalie Newberry was vested with the fee-simple title to the 18 acres in controversy, then what her brothers and sisters are seeking to urge by way of defense against appellee's cause of action has nothing to do with the merits of the controversy. Does the deed from the father and mother to Rosalie Newberry vest in her a fee-simple title? It will be observed that, in the premises, or granting clause of the deed, the real estate is conveyed to Rosalie Newberry and *to her heirs and assigns*. This, under all the authorities, conveys an estate in fee simple; and we have held that, where there has been such a grant in the granting clause of the deed, subsequent language in the deed in the habendum clause, or by way of condition or limitation, must be disregarded, as repugnant thereto. We think that the case of *Prindle v. Iowa Soldiers Orphans Home*, 153 Iowa 234, is controlling in the decision of the instant case. We there said:

"It will be observed from our statement of the case that the portion of the deed which is technically termed the 'premises,' and includes the granting clause and the description of the property, is in form and substance an ordinary conveyance of the fee, in that it expressly grants the property described to the plaintiff and his heirs and assigns; while the *habendum* which follows seems to limit the estate so created to a life use * * *.

That these provisions are essentially repugnant is apparent. If the premises are to be given full effect as a grant to plaintiff, his heirs and assigns, it must be held to convey a fee, and not a mere life estate * * *. On the other hand, if the *habendum* be given effect to limit the interest conveyed to an estate for life * * * then nothing is conveyed to the plaintiff 'and his heirs.' When premises and *habendum* are irreconcilably repugnant, it is the universal rule that the former must prevail. The one purports in express words to grant an estate of inheritance, while the other is limited to the life of the grantee. It is true that the tendency of modern decisions is to restrict the application of this rule to cases where the deed is susceptible to no reasonable construction which will give the apparent intended effect to both clauses; but if the repugnancy be so radical that one provision must be ignored, the *habendum* must yield. * * * It will be conceded that, if the premises or granting clause does not in any way define or limit the estate conveyed, or if the grant is in general terms only, from which, in the absence of other words, an estate in fee is to be inferred, the *habendum* may be given effect to qualify, restrict, or enlarge the estate and effectuate the intent of the grantor, as derived from a reading of the entire instrument. * * * But cases not infrequently arise which are not to be thus easily disposed of. As we have already noted, the deed we have now to construe undertakes in express words to create an estate of inheritance in Theron W. Prindle. It is made to him 'and his heirs.' The word 'heirs,' as here used, is a technical term, and denotes the creation of a heritable estate.''

The writer of the opinion then adds, in substance, that the attempt in the subsequent clause of the deed to limit the estate to the grantee for life is not open to any construction in harmony with the existence of the estate of inheritance conveyed by the granting clause of the deed.

In *Woodford v. Glass,* 168 Iowa 299, wherein we held that the grantee took an estate in fee, under the rule in Shelley's case, we held that a subsequent provision of the deed conflicting therewith was nugatory, because repugnant to the grant.

The appellants rely upon *Husted v. Rollins,* 156 Iowa 546; *Beedy v. Finney,* 118 Iowa 276; *Hess v. Kernen Bros.,* 169 Iowa 646; *Wood v. Logue,* 167 Iowa 436; *Yeager v. Farnsworth,* 163 Iowa 537. In none of said cases was the grant in the granting

clause to the grantee, *his heirs and assigns*. In the *Yeager* case, it is said:

"In the case before us, we have a deed in which the grantor undertakes to sell and convey unto the plaintiff the land in controversy, *without words of inheritance.* * * * There is indicated in the deed a purpose on the part of the grantor that the heirs named should have the land after .the death of Sarah Yeager. If other words of inheritance had been expressed in the premises or granting clause, *as heirs, etc.,* the case would fall within the rule of the *Prindle* case, reported in 153 Iowa 234."

In the *Beedy* case, it is said:

"* * * the use of the term 'heirs,' or other technical words of inheritance, is no longer essential to the transfer of an estate in fee simple * * *. But the use of such words may have so strong a bearing in determining the intention of the grantor as to preclude the validity of a subsequent restriction or limitation."

In the *Husted* case, it is said, by way of comment, that the absence of words of inheritance in the granting clause may be full of significance.

The appellants cite us no case wherein we.have held that the grantee named does not take the fee-simple title when the language of the granting clause conveys the property to the grantee, *his heirs and assigns*.

While our statute, Section 10041, Code of 1924, states that "the term 'heirs' or other technical words of inheritance are not necessary to create and convey an estate in fee simple," this does not imply that the use of the words "heirs and assigns" is not significant in giving to the deed the common-law construction of an estate in fee; and we held in the *Prindle* case, supra, in accordance with the common-law construction, that, where the words "heirs and assigns" are used in the granting clause of the deed, the grantee took an estate in fee.

Without further comment, we hold that, under the aforesaid deed, an estate in fee was vested in Rosalie Newberry, and that she is bound by the former adjudication, and that none of her brothers and sisters took any interest, vested or otherwise, thereunder. The complaints made by the appellants of the

rulings made by the trial court are without merit, and its judgment is hereby affirmed.—*Affirmed*.

EVANS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.