JOHN J. CORRIGAN *vs.* MATTHEW CORRIGAN *et als.*

MARCH 17, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows and Murdock, JJ.

SWEENEY, J. This bill in equity is brought for the purpose of obtaining the construction of a warranty deed executed and delivered by Matthew Corrigan to his three daughters dated and recorded August 14, 1893. The cause being ready for hearing for final decree has been certified to this court for determination under authority of § 4968, G. L. 1923.

The question presented by the pleadings and evidence is whether said deed conveyed an estate in fee or a life estate. By the deed the grantor conveyed a certain lot of land with the buildings and improvements thereon to his three daughters as tenants in common in equal shares. The granting clause conveyed the premises to the grantees, their heirs and assigns forever. The habendum was to the same effect. This was followed by the usual covenants and a full warranty. Then followed a reservation of a life estate to grantor and his wife. This reservation is now of no consequence as the grantor died in 1912 and his wife in 1900.

The deed then contained another habendum to the three grantees, share and share alike, to them and to their heirs and assigns forever. Then followed this provision: "Provided that should either of said grantees die without heirs of her body living at the time of her decease, then the survivor or survivors shall have and hold the share of such deceased person to them, their heirs and assigns forever. It being the meaning and intention of this grantor to convey a life estate to such of said grantees as may die without heirs of her body living at the time of her decease and to the others

an estate in fee." The claim has been made that under this provision in the deed the grantees took only a life estate in the granted premises. The claim cannot be sustained.

Eliza A. Corrigan, one of the grantees, died in 1910, single and without issue. She left a will by which she devised her interest in the real estate conveyed by said deed to the other two grantees. It appears in the record that these two grantees are unmarried, without issue and nearly 70 years of age.

In construing a deed the court gives effect to the intention of the parties so far as it can be done consistently with the rules of law. Where the interpretation to be given to the deed remains doubtful the court will adopt the construction which is most favorable to the grantee. After having once granted an estate the grantor cannot restrict or nullify it by a subsequent clause in the deed. *Gaddes* v. *Pawtucket Institution for Savings*, 33 R. I. 177; *Waterman* v. *Andrews*, 14 R. I. 589; 18 C. J. 252; 8 R. C. L. 1051. When a deed shows an intent to vest the grantees with the fee an attempted limitation upon the fee will be disregarded. A proviso in a deed cannot be sustained if it is repugnant to the granting clause in attempting to cut down an estate granted in fee simple to a life estate. *Prindle, Appellee* v. *Iowa Soldiers Orphans Home et al.* 153 Ia. 234.

The deed before us specifically conveyed and granted an estate in fee to the three grantees. The provision quoted is repugnant to this grant and to the habendum and cannot be allowed to reduce the estate in fee to a life estate in either of the grantees. But if the quoted clause were permitted to be effective by its express terms the two surviving grantees took an estate in fee in the granted premises. The result would be the same as our conclusion because the deceased grantee devised her interest in the granted premises to the two surviving grantees.

On March 21, 1930, the parties may present to this court a form of decree to be entered in the Superior Court.

*McGovern & Slattery* for complainant.
*Daniel A. Colton,* for respondents.