IDA GUENTHER, Appellant, v. ESTHER DEVITT ROCHE, individually and as trustee, et al., Appellees.

No. 47099.

OCTOBER 14, 1947.

OPINION MODIFIED AND REHEARING DENIED DECEMBER 19, 1947.

France & France, of Tipton, for appellant.

M. L. Sutton, of Clinton, for Esther Devitt Roche, and Esther Devitt Roche, trustee for James John Devitt, appellees.

E. C. Halbach, of Clinton, for James John Devitt, appellee.

MULRONEY, J.—The will of John Owen Devitt left his property in trust with distribution of $500 out of income to the widow, Rickie C. Devitt. In the sixth paragraph of the will the testator directed as follows:

"* * * my Executrices or Trustees * * * shall not dispose of * * * the 'Devitt Farm' * * * nor incumber same with a mortgage during the natural life of * * * Rickie C. Devitt, but at her death * * * [it] is to be disposed of in accordance with my wishes set out in the residuary clause * * *."

The residuary clause, or clause 8, provided as follows:

"Further, after the death of my said wife, Rickie C. Devitt, should she survive me, all the rest, residue and remainder of my estate which is held in Trust, I give, bequeath and devise to my two children, namely Esther Loretta Devitt and Paul Gilbert Devitt, and to Esther Loretta Devitt in Trust ·for my son James John Devitt, share and share alike, each one-third, and I hereby authorize and empower my daughter, Esther Loretta Devitt, one of the Trustees, herein named, to dispose of any and all real estate holdings in said trust at any time within five (5) years after the death of my said wife and consummation of trust, without the intervention of any Court and make proper transfer to any purchaser or purchasers."

Rickie C. Devitt and Esther Loretta Devitt Roche were named executrices and trustees. They were appointed and they acted as executrices.

The widow, Rickie C. Devitt, elected to refuse to take under the will and she received her one-third interest which did not include the Devitt farm. In the order approving the final report of the executrices in the estate proceedings the court held "* *. * the trust other than that created for the benefit of James John Devitt, fails by reason of the fact that the widow, Rickie C. Devitt, has elected to accept [receive] her dower interest," and the same order provided that "* * * all of the balance of said estate is the property in equal shares of Esther Loretta Devitt Roche as an individual, Esther Loretta Devitt Roche as Trustee of the trust created for the benefit of James John Devitt, and Paul G. Devitt." Thereafter plaintiff purchased the interest of Paul G. Devitt in the Devitt farm and brought this partition action to partition the farm, naming Esther Devitt Roche, and Esther Devitt Roche, trustee for James John Devitt, and James John Devitt as defendants. Esther Devitt Roche, as an individual and as trustee for James John Devitt, appeared and filed answer but at the time of trial her attorney made a statement into the record withdrawing her objections both as an individual and as trustee to the sale of the real estate under the partition suit. James John Devitt filed an answer alleging in the main that plaintiff was not entitled to a partition decree because of the restrictions in the will as to the sale of the property while the widow is living. The trial court denied the partition, holding that under the language of the will the property could not be disposed of prior to the death of the widow. Plaintiff appeals and James John Devitt is sole appellee.

■ I. The courts generally will not give effect to a testamentary provision to the effect that a devisee shall not for a period of time sell the property devised. See 41 Am. Jur., Perpetuities and Restraints on Alienation and Use, section 66; McCleary v. Ellis, 54 Iowa 311, 6 N. W. 571, 37 Am. Rep. 205; Kepler v. Larson, 131 Iowa 438, 108 N. W. 1033, 7 L. R. A., N. S., 1109; Ogle v. Burmister, 146 Iowa 33, 124 N. W. 758;

Davidson v. Auwerda, 192 Iowa 1338, 186 N. W. 406; Bogenrief v. Law, 222 Iowa 1303, 271 N. W. 229. But it is also the law that testamentary restrictions on the right to partition will be upheld. The rule is thus stated in 47 C. J., Partition, [§127]4:

"Where, by the terms of a will or deed, the property devised or conveyed is not to be divided or distributed before a date therein fixed, or before the happening of a designated contingency, no partition will lie before the date so fixed, or the happening of the contingency named; and general provisions of a statute authorizing property to be partitioned do not justify a court in disregarding provisions of this character. Such provisions in a will or deed do not constitute a void restraint or [on] alienation or limitation repugnant to the fee. The prohibition against partition so provided for may be either express or implied. The general rule applies whether or not a trust is created."

In Tombs Estate, 155 Pa. Super. 605, 612, 39 A. 2d 367, 370, the court pointed out a restriction against partition "takes nothing from the right of the tenants to convey or devise their undivided interests in the estate" and hence it is not void as in violation of the rule against restraints on alienation. See, also, Peterson v. Damoude, 98 Neb. 370, 152 N. W. 786, 14 A. L. R. 1238; and annotation in 85 A. L. R. 1321. In Elberts v. Elberts, 159 Iowa 332, 333, 141 N. W. 57, 58, we upheld the provisions of a will which in one paragraph devised a fee simple title to several children and in a subsequent paragraph directed the property devised "be held intact and not disposed of, sold or divided" until the youngest son became of age. The holding was that partition would be denied until the youngest son became of age.

■■ II. Before construing the will we must necessarily discuss the effect of the widow's renunciation. The courts quite generally have applied the doctrine of acceleration of remainder interests when the widow elects to refuse to take under the will. The rule stated in 33 Am. Jur., Life Estates, Remainders, and Reversions, section 155, is:

"The most familiar case of the acceleration of a remainder is where a widow who has been given a life estate by the will of her husband renounces and elects to take her dower or statutory allowance instead. In such a case, the remainder is ordinarily accelerated to take effect as if the widow had died."

In the case of Disston's Estate, 257 Pa. 537, 543, 101 A. 804, 806, L. R. A. 1918B, 62, a case much in point, the court held the widow's election to take under intestate laws terminated a trust for her benefit, under which trust she would have received a portion of the income from the property, the opinion stating:

"* * * a testator is presumed to know also the general rule that the election of a widow to take under the intestate laws is equivalent to her death, and that, unless his will plainly indicates a contrary intent, remainders are accelerated accordingly."

■ III. When we view the will in the light of the widow's election not to take thereunder, and apply the above relevant rules of law, we find no prohibition or restriction against partition by the parties to this action. The command of paragraph 6 that the trustees not dispose of the farm has no application, for that trust was never created, due to the widow's renunciation. By construing her renunciation as equivalent to her death and accelerating the interests that were made contingent on that event the legal title was in the plaintiff's grantor, the daughter Esther, as an individual and as trustee for James John Devitt. There is no prohibition in the will against partition when the title reached the children. Indeed, the will provides that the daughter could sell the property after the widow died and the trust came to an end. As said in Disston's Estate, supra, at page 545 of 257 Pa., page 807 of 101 A., "the trust came to an end to the same extent as though the widow had physically died." Without deciding whether the daughter could sell the full interest in the land under such a clause, this expression and the definite expression in clause 6 that the Devitt farm is to be disposed of at the widow's death indicate an intent that the property was to be disposed of after the

death of the widow, and we must add this means after the election to renounce which is in law equivalent to her death.

IV. Plaintiff states "The entire question and all of the propositions presented turn upon the interpretation of the will." The trust for James John Devitt was a spendthrift trust. We do not decide whether the beneficiary of this trust was a necessary party to the partition action or that he was the owner of an estate or interest in the realty entitling him to defend against the action. The plaintiff joined him as a party defendant and seems to assume he had a sufficient interest in the corpus of the trust to warrant his assertion of the defense of the alleged disposal restrictions in the will. Perhaps he had such an interest. The trust gave the trustee certain rights to invade the corpus of the trust for his benefit. We need not decide the point. But the petition alleged, in paragraph 8: "* * * the following parties to this action are the actual owners of and are entitled to the said real estate in the following proportion, Ida Guenther, an undivided one-third, Esther Devitt Roche, an undivided one-third and Esther Devitt Roche, Trustee for James John Devitt, an undivided one-third interest."

In the answers filed by all the defendants there was no denial of this allegation in the petition, save the defendants had "not sufficient knowledge to determine whether or not Ida Guenther owns an undivided one-third," and all the defendants admitted the balance of paragraph 8. On the trial it was stipulated the plaintiff was the owner of Paul Gilbert's interest.

Defendant now argues that other clauses of the will giving the property to testator's surviving children or their heirs if James John dies before the widow, and to the surviving children if James John dies after the widow, should prevent partition at this time. Assume, for the purpose of reaching a solution to the main question in the case, that the widow did die, with James John surviving. The testator's clear intention was that the property could then be sold—and this, in spite of the alternate or secondary remainders, which are merely substitutionary in character. Disston's Estate, supra. Plaintiff, as grantee of Paul Gilbert, is willing to grant the trust of which appellee is beneficiary, an undivided one third. Esther,

as an individual, makes no objection. They are the only persons whose interests would be increased, if the contingency upon which the substitutionary remainder is dependent, occurred. Even if it be thought appellee has an interest sufficient to warrant his assertion of defenses here urged, such a defense would be unavailing to him under the record in this case, where the owners are willing to grant to the trust created for his benefit the most that the trustee could assert under the will. The plain intention of the will is that the property could be disposed of when the title reached the remaindermen. We do not wish to depart from the testator's plan any more than necessary. There is no indication in the will that disposal or partition was to await any event other than the death of the wife. In law the equivalent of that event has occurred. We but carry out the testator's approximate intention when we hold partition can now be had, without waiting for other deaths upon which substitutionary rights depend, and this is especially true where it is apparent the one objecting to the partition could not under any circumstances receive an increased interest if partition is delayed. We know it is not testator's literal intention, but his scheme failed by reason of the exercise of an intervening right, and when applying the doctrine of acceleration "The courts will attempt to follow the testamentary scheme * * * as much as possible." 33 Am. Jur., Life Estates, Remainders, and Reversions, section 154.

V. Defendant argues an equitable conversion was created by the authority granted to Esther to sell the property within five years from the death of the widow and hence no partition action can be maintained. Without deciding whether the power granted Esther survived the failure of the trust, we hold no equitable conversion occurred and the partition action can be maintained. See Ruggles v. Powers, 201 Iowa 284, 207 N. W. 116, and Hausen v. Dahlquist, 232 Iowa 100, 5 N. W. 2d 321, 141 A. L. R. 1304; In re Estate of Schwertley, 228 Iowa 1209, 293 N. W. 445, and cases cited.

The cause is reversed.—Reversed.

OLIVER, C. J., and HALE, BLISS, GARFIELD, SMITH, MANTZ, and HAYS, JJ., concur.