B. G. CRECELIUS et al.; C. O. RUBOW, administrator de bonis non with Will Annexed of Samuel Coleman Zieger, deceased, plaintiffs-appellants, v. JACK SMITH, defendant-appellee, and EDNA SCHWEBKE, plaintiff-appellee.

No. 51192.

(Reported in 125 N.W.2d 786)

JANUARY 14, 1964.

Lundy, Butler & Wilson, of Eldora, for plaintiffs-appellants.

Bateson, Ryan & Dunn, of Eldora, and Mickelson & Roan, of Toledo, for defendant-appellee.

THOMPSON, J.—This appeal requires us to determine difficult questions which revolve around two conveyances of real estate by Samuel Coleman Zieger, who died in 1919. There are collateral issues, but the major contentions center upon a proper construction of the intent of the grantor in executing the deeds. No question of proper delivery is involved. The plaintiffs brought their action to quiet title to the two eighty-acre tracts of farm lands described in the deeds, and asking an accounting of rents. The defendant answered, denying plaintiffs' claims, and counterpetitioning for a decree quieting title in himself. The trial court entered its decree and judgment for the defendant, and the plaintiffs appeal.

In 1895 Zieger deeded to his niece, Lillian Augusta Hoover, referred to hereinafter as Lillian Hoover, eighty acres of land in Hardin County; and again in 1903, another eighty-acre tract.

It is the present ownership of these lands which is involved in this litigation. The major question is the proper construction of the deeds—which is to say we must gather from them the intent of the grantor. So we set out the deeds, omitting the description of the lands.

The 1895 deed reads thus:

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Samuel C. Zieger, an unmarried man of Hardin County, State of Iowa, in consideration of the sum of Four Thousand DOLLARS in hand paid, do hereby SELL AND CONVEY unto Miss Lillian Augusta Hoover of Hardin County, State of Iowa, the following described premises, situated in the County of Hardin and State of Iowa, to-wit: [description]

"The condition of this deed is that the said Lillian Augusta Hoover is not to sell or convey the said land and neither has she any power or right to mortgage or encumber the said property in any way—if she violate the above provisions the said property shall revert to the Estate of Samuel C. Zieger (the grantor) But she may lease or rent the same and devise the same in her Will and I do hereby covenant with the said Lillian Augusta Hoover that I am lawfully seized, in fee simple of said premises, that they are FREE FROM INCUMBRANCE, that I have good right and lawful authority to sell the same, and I do hereby covenant to WARRANT AND DEFEND the said premises and appurtenances thereto belonging against the lawful claim of all persons whomsoever; and the said unmarried hereby relinquishes all her right of dower in and to the above described premises."

The 1903 deed is much the same, with one variation which is of importance. We set it out:

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Samuel C. Zieger, an unmarried man of Hardin County, and State of Iowa, in consideration of Four Thousand DOLLARS, in hand paid by Miss Lillian Augusta Hoover of Hardin County, and State of Iowa, do hereby SELL AND CONVEY unto the said Miss Lillian Augusta Hoover and to his heirs and assigns, the following described premises, to-wit: [description]

"The condition of this deed is that the said Lillian Augusta

Hoover is not to sell or convey the said land and neither has she any power or authority or right to mortgage or encumber the said property in any way. If she violate the above provision of this deed to the said property then the said property shall revert to the Estate of Samuel C. Zieger, the grantor. But she may lease or rent the same and devise the same in her Will to any one she may choose forever, and I do hereby covenant with the said Miss Lillian Augusta Hoover that I am lawfully seized, of said premises; that they are FREE FROM INCUMBRANCE; - - - that I have good right and lawful authority to sell the same; and I do hereby covenant to WARRANT AND DEFEND said premises, and the appurtenances against the lawful claims of all persons whomsoever - - - and the said unmarried hereby relinquishes all h— right of dower in and to the foregoing premises."

Mr. Zieger was born in 1850 and never married. Lillian Hoover was born in 1872, and from about 1889 until the time of Mr. Zieger's death she lived with him and attended to the housekeeping duties. Zieger had two sisters, and the individual plaintiffs here are their descendants and beneficiaries under his will or descendants and heirs of such beneficiaries. He did not specifically devise the two eighty-acre tracts in controversy, but left specific and residuary bequests and devises. Plaintiff C. O. Rubow is the administrator de bonis non of his will, and Edna Schwebke, named as an appellee, is simply one of the plaintiffs who did not elect to join in the appeal.

In 1935 Lillian Hoover was married to the defendant, Jack Smith, and lived with him until her death in 1958. It is not claimed that she violated the provisions of the deeds against conveyancing or encumbering. She rented the lands, made some improvements, and was in possession at the time of her death. She left a will which, after requiring payment of her debts, said: "Paragraph 2. Subject to the foregoing, I devise and bequeath all of my property of every nature and description, to my husband, Jack Smith, and to his heirs and assigns forever." The defendant claims under this will; the plaintiffs say Lillian Hoover received only a life estate through the deeds set out above, and so had nothing to leave so far as the two eighty-acre parcels are concerned. Also, if the provisions in the deeds

giving her the power of disposal were powers of appointment, she did not exercise them.

I. The most important question in this litigation, as we view it, is the proper determination of the intent of the grantor, Samuel Coleman Zieger, as shown by the language used; which is to say, the correct construction of the deeds.

We turn first to some statutory provisions which have a direct bearing on the issue at this point. Most important is section 557.3, Code of 1962, which has been a part of our law since 1851. We quote: "Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used."

Section 557.2 has a bearing on the 1895 deed, since it does not include the word "heirs" in the granting clause. We quote: "The term 'heirs' or other technical words of inheritance are not necessary to create and convey an estate in fee simple." It is also of some importance that the deeds in question are substantially in the form provided by section 558.19 for a deed in fee with warranty.

Precedents are usually not of great value in construing deeds such as these. Each must be read, and the grantor's intent determined, from the instrument itself. But there are certain rules of law which become applicable. The entire instrument must be considered and the intent of the grantor determined as made manifest therein. Schenck v. Schenck, 242 Iowa 1289, 1291, 50 N.W.2d 33, 34.

These matters all tend to show an intent to grant a fee title. But there are other considerations; and when the entire instruments are studied, the problem becomes a most difficult one. Samuel Coleman Zieger is long dead, and can speak only through the deeds he executed, with some, but very little, light thrown on his meaning by extraneous evidence. Lillian Hoover is also gone; but she was a party to the conveyances, and we must assume she knew what the grantor had in mind. We shall refer to this evidence later. We shall first discuss the 1903 deed.

II. The two deeds do not seem materially at variance. The conclusion seems plausible that the intention of the grantor was the same in each. However, the second deed, executed in 1903,

contains words not found in the first. These words are "his heirs and assigns" found in the granting clause of the 1903 deed, and absent in the 1895 conveyance.

 Such words make an estate in fee simple. We said in Dolan v. Newberry, 204 Iowa 443, 446, 215 N.W. 599, 601: "This, under all the authorities, conveys an estate in fee simple; and we have held that, where there has been such a grant in the granting clause of the deed, subsequent language in the deed in the habendum clause, or by way of condition or limitation, must be disregarded, as repugnant thereto."

In Prindle v. Iowa Soldiers Orphans Home, 153 Iowa 234, 238, 133 N.W. 106, 107, 108, is a similar holding. Both of these cases are governing authority for the proposition that a conveyance to A and his heirs creates a fee simple estate. Whether there could be any possible qualification of this doctrine we do not determine, for no such appears here. What we have in the 1903 deed is a granting clause squarely creating a fee simple estate, with a following attempt to restrict alienation which is repugnant and therefore void.

 The general rule is thus stated in 31 C. J. S., Estates, section 8, pages 26, 27: "* * * the right of alienation has been considered an inseparable incident to an estate in fee, and it is repugnant to the estate conveyed and against the policy of the law to allow restraints to be imposed on the alienation of such an estate * * *.

"A general restraint on alienation, whether by deed or will, is undoubtedly void."

The question was discussed at some length, with citation of authorities, in Graham v. Johnston, 243 Iowa 112, 116, 117, 49 N.W.2d 540, 542, 543. We there said: "The conditions set forth in the deeds in question are certainly repugnant to the granting clause and we think the court correctly held that under the record such were invalid." Also in point is McCleary v. Ellis, 54 Iowa 311, 313, 317, 6 N.W. 571, 574, 37 Am. Rep. 205. There in the conveyance was this condition: " 'It is expressly understood that he [a son] shall not part with it nor sell it, nor shall any person sell it for him or for debts whatsoever.' " We then said: "We have no hesitancy in holding, in view of the author-

ities above-quoted, and others that might be referred to, that the conditions in this deed against alienage and liability for debts are void." We quoted this with approval in Graham v. Johnston, supra. Several other authorities to the same effect are cited.

It is apparent that the attempt here is to create a restraint on alienation which might well be perpetual. The grantee, Lillian Hoover, was given the right to remove it by exercising a power of appointment in her will. This she might or might not do. In fact, she did not. The residuary clause of her will was sufficient to convey what property she owned; but it was entirely insufficient as an exercise of the power of appointment. In re Wills of Proestler, 232 Iowa 640, 645, 646, 5 N.W.2d 922, 925, 926; Restatement of the Law of Property, Volume 3, section 343, page 1913.

It is true the words: "his heirs and assigns" are in the printed part of the deed, and it is possible to conjecture they are no more than an inadvertence. This impression is somewhat strengthened by the use of the word "his" instead of "her". But they are there, and we cannot disregard them. We must give them effect; and this calls for a holding that a fee simple estate was conveyed, with the attempted restraint on alienation void for repugnancy to the granting clause.

III. The plaintiffs urge that because of the use of the word "his" instead of "her", it appears the grantor was not referring to the heirs of the grantee but to his own. We find no merit in this unusual contention. The word is found in the printed part of the deed. Generally the use of the word "his" in written instruments and statutes includes the feminine gender also, unless a contrary intent is manifest. Christensen v. Bergmann, 148 Cal. App.2d 176, 306 P.2d 561, 567. Perhaps the use of the words "his heirs" at all was inadvertent, but they were used, and they clearly refer to the grantee.

IV. The situation as to the first deed, executed in 1895, is substantially the same. It is true this deed lacks the words "his heirs and assigns" found in the 1903 conveyance. Otherwise there is no material difference. There is the recital of a substantial consideration, $4000, there are the words "sell and convey", the deed is in substantially the form provided by sec-

tion 558.19 for deeds in fee with warranty; there is the provision in section 557.2 that technical words of inheritance such as " 'heirs' * * * are not necessary to create and convey an estate in fee simple"; and most important of all is section 557.3, set out above, which says: "Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used."

Mr. Zieger had a fee simple interest. We are unable to find any "contrary intent" here, except such as may appear from the restraint on alienation. But this means only that the grantor conveyed a fee simple title with an attempt to forbid its conveyance or encumbrance, an illegal and void restraint on alienation, under the authorities cited in Division II above. Our conclusion is the same as to both deeds. Lillian Hoover received a fee simple title to each eighty-acre tract, which passed to the defendant by the residuary clause of her will.

V. There is some evidence, introduced without objection, that Lillian Hoover made statements to the effect that Mr. Zieger wanted the lands to stay in the family; and that he did not want "some man" to get them. The force of this evidence is much diminished by the potent fact that he did attempt to make it possible for her to devise to anyone she chose by will. It is entirely inadequate, even if it is competent, to overcome the grantor's intent as expressed in the deeds themselves.

VI. The plaintiffs urge that a binding adjudication that Lillian Hoover received only a life estate in the lands described in the 1903 deed arises because, after the death of Samuel Coleman Zieger in 1919, the state inheritance tax department claimed the right to recover a tax as for property conveyed by transfer intended to take effect after the death of the owner. The deeds had been left in escrow, to be delivered after the grantor's death. In a proceeding in the district court it was held that Lillian Hoover received only a life estate under the 1903 deed, and it was taxed accordingly and the tax paid by her. This is the basis for the claimed adjudication. We think the issues were not the same. The right to collect a tax was the issue in the case referred to and the plaintiffs as individuals and Lillian Hoover were not parties. There was no estoppel by ad-

judication. See Dolan v. Newberry, supra, loc. cit. 204 Iowa 446, 215 N.W. 601.

The decree of the trial court was right.—Affirmed.

All JUSTICES concur.