# IN THE SUPREME COURT OF IOWA

No. 19–1214

Submitted March 24, 2021—Filed April 30, 2021

**IN THE MATTER OF THE ESTATE OF VERA E. CAWIEZELL,** Deceased, **PHYLLIS KNOCHE, TERRY BROOKS,** and **JILL BROOKS,**

Appellants,

vs.

**TOM CORONELLI** and **BETH CORONELLI,**

Appellees.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel and Patrick A. McElyea, Judges.

On further review from the court of appeals, executors challenge a probate court ruling that a restriction on the transfer of devised property is a restraint on alienation and void. **AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which all justices joined.

Gregg Geerdes (argued), Iowa City, for appellants.

Andrew B. Howie (argued) of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellees.

**McDONALD, Justice.**

In this appeal, the executors of an estate challenge several rulings of the district court in probating a will. The court of appeals affirmed the district court in all respects, and we granted further review. "On further review, we have the discretion to review any issue raised on appeal." *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255 (Iowa 2012) (quoting *State v. Marin*, 788 N.W.2d 833, 836 (Iowa 2010), *overruled on other grounds in Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016)). We choose to address only the executors' contention that the district court erred in holding a twenty-year transfer restriction on devised farmland was an impermissible restraint on alienation. Our review of that issue is de novo. *See Est. of Hurt v. Hurt*, 681 N.W.2d 591, 593 (Iowa 2004). The court of appeals decision is final as to all other issues.

Vera Cawiezell died testate in April 2018, and her will was admitted to probate later that month. In item 3 of her will, Cawiezell devised approximately 150 acres of farmland to her friends Tom and Beth Coronelli subject to certain general restrictions and subject to other provisions in favor of Terry Brooks, who leased and farmed Cawiezell's land while Cawiezell was alive. Item 3 provided:

> I hereby will, devise and bequeath all of my farm real estate located . . . in Muscatine County, Iowa, except my homestead referred to in Item 2 above, consisting of approximately 150 acres to my friends, Tom and Beth Coronelli or unto the survivor of them, subject to the restriction that they should not sell or transfer the property outside their immediate family within a period of twenty years after my death. Terry Brooks has been leasing the farm from me under a share crop agreement and I would request that the Coronelli family continue leasing to Terry under favorable terms for his benefit. I further give Terry Brooks the first option to purchase the farm during the twenty year period following my death and I would further request that the terms of sale be favorable for Terry Brooks.

Item 4 of the will devised all farm equipment and livestock to Brooks and forgave any money Brooks owed to Cawiezell. The residue and remainder of the property was awarded to Cawiezell's friend Phyllis Knoche.

The will nominated, and the district court appointed, Terry and Jill (Terry's spouse) Brooks and Knoche as executors. In October, the executors filed an application for court approval of their actions. The executors requested the court approve a restriction in the deed to be given to the Coronellis. The proposed deed restriction provided:

> THIS DEED IS EXECUTED AND DELIVERED UPON THE CONDITION THAT IN THE EVENT ALL OR PART OF THE HEREIN DESCRIBED PROPERTY IS SOLD OR TRANSFERRED TO ANYONE OTHER THAN TERRY BROOKS OR AN IMMEDIATE FAMILY MEMBER OF TOM AND BETH CORONELLI ON OR BEFORE APRIL 17, 2038, THEN THE HEREIN DESCRIBED PROPERTY SHALL REVERT TO PHYLLIS A. KNOCHE, OR HER HEIRS OR ASSIGNS, AS THE RESIDUAL BENEFICIARY OF THE VERA CAWIEZELL ESTATE, FREE AND CLEAR OF ANY CLAIMS OF THE GRANTEE, CONSISTENT WITH THE TERMS OF THE LAST WILL AND TESTAMENT OF VERA CAWIEZELL FILED IN MUSCATINE COUNTY IOWA, ESPR011653.

The Coronellis resisted the application and contended the restriction placed on the devise of the farmland was a restraint on alienation of the property and void. The Coronellis requested the district court disallow the deed restriction. After some additional motion practice and hearings not relevant here, the district court ultimately held the restriction on the transfer of the devised farmland was an invalid restraint on alienation and void.

The executors challenge that ruling on several grounds. They first contend the restriction is not a restraint on alienation. If the restriction is a restraint on alienation, they contend reasonable restraints on alienation are allowed under Iowa Code section 614.24 and a more recent decision of this court. Finally, they contend this court should adopt a more flexible

approach toward restraints on alienation as set forth in the Restatement (Third) of Property: Servitudes.

"[T]he rule against restraints on alienation bars direct restraints on the alienability of present or future vested interests." *Martin v. Peoples Mut. Sav. & Loan Ass'n*, 319 N.W.2d 220, 226 (Iowa 1982) (en banc). It has long been the rule of this state that a restraint on alienation whether by deed or will is unlawful and void. *See Crecelius v. Smith*, 255 Iowa 1249, 1254, 125 N.W.2d 786, 789 (1964) ("A general restraint on alienation, whether by deed or will, is undoubtedly void." (quoting 31 C.J.S. *Estates* § 8)); *Graham v. Johnston*, 243 Iowa 112, 117, 49 N.W.2d 540, 543 (1951) ("The imposition of restraints as set forth in the deeds of grantor conflicts with the previous grants of an absolute interest and we hold that such are invalid—they might be termed directions, but are of no binding force and effect."); *Guenther v. Roche*, 238 Iowa 1348, 1351, 29 N.W.2d 222, 223 (1947) ("The courts generally will not give effect to a testamentary provision to the effect that a devisee shall not for a period of time sell the property devised."); *Sisters of Mercy of Cedar Rapids v. Lightner*, 223 Iowa 1049, 1059, 274 N.W. 86, 92 (1937) ("In this state a restraint against alienation in a conveyance of a vested estate in fee simple is void and this is true though the restraint is for a limited or particular time."); *Dolan v. Newberry*, 204 Iowa 443, 446, 215 N.W. 599, 601 (1927) (stating when a clause of a deed conveys fee simple title, then any subsequent language "of condition or limitation[] must be disregarded[] as repugnant thereto"); *Davidson v. Auwerda*, 192 Iowa 1338, 1340, 186 N.W. 406, 406 (1922) ("The only safe rule . . . is to hold, as I understand the common law for ages to have been, that a condition or restriction which would suspend all power of alienation for a single day is inconsistent with

the estate granted, unreasonable, and void." (quoting *McCleary v. Ellis*, 54 Iowa 311, 315, 6 N.W. 571, 573 (1880))).

The executors contend this long-standing rule is inapplicable here because the Coronellis were not bequeathed an absolute fee. Instead, according to the executors, the Coronellis were bequeathed only a limited fee that did not include the right for the Coronellis to sell or transfer the property outside their immediate family for twenty years. Because the right to sell or transfer outside the family for a period of twenty years was not included in the "bundle of sticks" devised to the Coronellis, according to the executors, the restriction does not restrain the Coronellis' right to alienate the property.

The executors' circular argument is unconvincing. "The purpose of construing a will is to ascertain the intent of the testator. Authorities agree that questioned provisions should be considered, not as standing alone, but as related to all other provisions of the will." *In re Est. of Organ*, 240 Iowa 797, 800, 38 N.W.2d 100, 102 (1949). Here, the testamentary provision devises and bequeaths all of Cawiezell's farmland in Muscatine County, except her homestead, to the Coronellis. There is no indication in this provision or any other provision that the fee is anything other than a fee simple. *See, e.g.*, *In re Est. of Bigham*, 227 Iowa 1023, 1026, 290 N.W. 11, 12 (1940) (holding that testamentary provision bequeathing property to wife was "an unqualified fee estate"); *In re Est. of Hellman*, 221 Iowa 552, 555, 266 N.W. 36, 38 (1936) ("The old familiar stock phrases of the common law, such as 'in fee simple,' 'absolutely,' 'to have and to hold forever,' do not appear, but words of this character are unnecessary in conveying the fee-simple title."). The will's subsequent restriction on the fee is an invalid restraint on alienation under our precedents and is void. *See Crecelius*, 255 Iowa at 1254, 125 N.W.2d at 789; *Graham,* 243 Iowa at

117, 49 N.W.2d at 543; *Guenther*, 238 Iowa at 1351, 29 N.W.2d at 223; *Sisters of Mercy*, 223 Iowa at 1059, 274 N.W. at 92; *McCleary*, 54 Iowa at 314–18, 6 N.W. at 572–74.

Taking a different approach, the executors contend Iowa law allows for reasonable restraints on alienation of property. The executors first rely on Iowa Code section 614.24, which they contend allows for restraints on alienation of property for no more than twenty years. That provision provides:

> No action based upon any claim arising or existing by reason of the provisions of any deed or conveyance or contract or will reserving or providing for any reversion, reverted interests or use restrictions in and to the land therein described shall be maintained either at law or in equity in any court to recover real estate in this state or to recover or establish any interest therein or claim thereto, legal or equitable, against the holder of the record title to such real estate in possession after twenty-one years from the recording of such deed of conveyance or contract or after twenty-one years from the admission of said will to probate unless the claimant shall, personally, or by the claimant's attorney or agent, or if the claimant is a minor or under legal disability, by the claimant's guardian, trustee, or either parent or next friend, file a verified claim with the recorder of the county wherein said real estate is located within said twenty-one year period.

Iowa Code § 614.24(1) (2018).

We conclude the statute is inapplicable here. This Code provision, also known as the Stale Uses and Reversions Act (SURA), is intended to "simplify land transfers in Iowa by shortening the title-search period for" reversion, reverted interests, and use restrictions. *Fjords N., Inc. v. Hahn*, 710 N.W.2d 731, 735 (Iowa 2006); *see also Compiano v. Kuntz*, 226 N.W.2d 245, 248 (Iowa 1975) (en banc) (stating the statute "resulted from efforts to shorten the title-search period in Iowa"). The statute governs causes of action to recover or establish interests in real estate against the title holder in possession. Even then, the statute governs only those causes of action

related to reversion, reverted interests, and use restrictions. *See Fjords N., Inc.*, 710 N.W.2d at 739. None of those interests are implicated in this case. We reject the executors' contention that a use restriction is the equivalent of a transfer restriction. *See* Iowa Code § 614.24(5) (defining use restriction); *see also Spanish Oaks, Inc. v. Hy-Vee, Inc.*, 655 N.W.2d 390, 398–99 (Neb. 2003) (distinguishing between use restrictions and direct restraints on alienation); Helene S. Shapo, George Gleason Bogert & George Taylor Bogert, *The Law of Trusts and Trustees* § 220, at 376 (3d ed. 2007) ("A use restraint, that is, a restriction on the use to which property is to be put, is not considered a restraint against alienation.").

In further support of their argument that Iowa law allows for reasonable restraints on alienation of property, the executors rely on our recent decision in *In re Coe College*, 935 N.W.2d 581 (Iowa 2019). In that case, a mural was donated for charitable purposes to Coe College with an accompanying letter that stated the college would be the art's "permanent home." *Id.* at 584. The question was whether the college could sell the property. *See id.* We concluded the college could not sell the property. *See id.* at 591. We explained, "In Iowa, '[a] donor of property *for a charitable use* may impose such conditions as he may choose, including a restraint on alienation. This right is an exception to the prohibition against restraint on alienation.'" *Id.* at 586 (alteration in original) (emphasis added) (quoting *Sisters of Mercy*, 223 Iowa at 1060, 274 N.W. at 92).

This case does not fall within the charitable-use exception to the prohibition against restraint on alienation as articulated in *Coe College.* "A charitable gift has been defined to be 'a gift to general public use which extends to the poor as well as to the rich' . . . ." *Sisters of Mercy*, 223 Iowa at 1059, 274 N.W. at 92 (quoting *Chapman v. Newell,* 146 Iowa 415, 419,

125 N.W. 324, 326 (1910)).  In this case, the devise was to the Coronellis personally and not for charitable purposes.

Finally, the executors urge this court to adopt sections 3.4 and 3.5 of the Restatement (Third) of Property: Servitudes.  The Restatement rejects Iowa's bright-line rule prohibiting restraints on alienation and instead proposes a reasonableness standard.  *See* Restatement (Third) of Prop.: Servitudes § 3.4, .5, at 440, 461–62 (Am. L. Inst. 2000).  Under the Restatement standard, determining the "rationality" or "reasonability" of a restraint on alienation is a fact-intensive inquiry.

> Each case must be thoroughly examined in the light of all the circumstances to determine whether the objective sought to be accomplished by the restraint is worth attaining at the cost of interfering with the freedom of alienation, or to determine whether the particular interference with alienability is so slight as not to be material.

*Id.* § 3.4 reporter's note, at 449.

We first note this argument was never presented to the district court.  "Our general rule of error preservation is that we will not decide an issue presented before us on appeal that was not presented to the district court.  In order for error to be preserved, the issue must be both raised and decided by the district court." *In re Det. of Anderson*, 895 N.W.2d 131, 138 (Iowa 2017) (citation omitted).  Error is not preserved here.

Even if error were preserved, we are disinclined to adopt the Restatement (Third) position on restraints on alienation.  We long ago rejected case-by-case balancing in favor of a bright-line rule:

> We are entirely satisfied there has never been a time since the statute *quia emptores* when a restriction in a conveyance of a vested estate in fee simple, in possession or remainder, against selling for a particular period of time, was valid by the common law, and we think it would be unwise and injurious to admit into the law the principle contended for by the defendants' counsel, that such restrictions should be held valid, if imposed only for a reasonable time.

> It is safe to say that every estate, depending upon such a question, would, by the very fact of such a question existing, lose a large share of its market value. Who can say whether the time is reasonable, until the question has been settled in the court of last resort? And upon what standard of certainty can the court decide it? Or, depending, as it must, upon all the peculiar facts and circumstances of each particular case, is the question to be submitted to a jury? The only safe rule of decision is to hold, as I understand the common law for ages to have been, that a condition or restriction, which would suspend all power of alienation for a single day, is inconsistent with the estate granted, unreasonable and void.

*McCleary*, 54 Iowa at 315, 6 N.W. at 572–73 (quoting *Mandlebaum v. McDonell*, 29 Mich. 78, 107 (1874)). We see no reason to abandon our long-standing rule in favor of the proposed Restatement rule. *See Kersten Co. v. Dep't of Soc. Servs.*, 207 N.W.2d 117, 121 (Iowa 1973) (en banc) ("Stare decisis is a valuable legal doctrine which lends stability to the law . . . ."). Our rule is clear-cut, stable, and easy-to-apply. *See McCleary*, 54 Iowa at 315, 6 N.W. at 572–73 (quoting *Mandlebaum*, 29 Mich. at 107). These are virtues in the area of real property where certainty of title is of paramount importance.

We hold the testamentary provision restricting the beneficiaries from selling or transferring the devised property outside their immediate family for a period of twenty years following the testator's death is a prohibited restraint on alienation and is void. For these reasons, we affirm the decision of the court of appeals and the judgment of the district court.

**AFFIRMED.**